## CUDDY, Petitioner.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF CALIFORNIA.

No. 1552. Argued April 25, 1889. — Decided May 13, 1889.

When a judgment of a Circuit or District Court of the United States is attacked collaterally, every intendment will be made in support of jurisdiction, unless the want of it, either as to subject matter or as to parties, appears in some proper form; and this general rule applies to judgments punishing for contempt.

A petitioner for a writ of *habeas corpus* to obtain his discharge from imprisonment under the judgment and sentence of a District or Circuit Court of the United States for contempt, is at liberty to allege and to prove facts, not contradicting the record, which go to show that the court was without jurisdiction.

PETITION FOR A WRIT OF HABEAS CORPUS. The writ was refused, and the petitioner appealed. The case is stated in the opinion.

*Mr. J. A. Anderson* for petitioner.

*Mr. Solicitor General* and *Mr. George J. Denis,* United States attorney for the Southern District of California, opposing.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an appeal from a final judgment in the Circuit Court of the United States for the Southern District of California, denying an application for a writ of *habeas corpus.*

The appellant, in his petition for the writ, represented that he was detained and imprisoned contrary to the Constitution and laws of the United States, under and by virtue of a war-

rant of commitment based upon a pretended judgment of the District Court of the United States for the Southern District of California, adjudging him guilty of contempt of court, and sentencing him to six months' imprisonment in jail.

The petition purports to set out all the minutes, records and files of the court, in the proceedings for contempt, from which it appears that on the 12th day of February, 1889, the case of *United States* v. *W. More Young* coming on regularly for trial, a jury was ordered to be drawn and impanelled; that the names of twelve jurors were regularly drawn from the box, and they were sworn on their *voir dire;* that among the names so drawn was that of Robert McGarvin, who, being asked upon his examination if he had been approached or spoken to by any one about the above case, replied that he had been approached and spoken to about it by the appellant Cuddy; that, upon the testimony thus adduced, the court made an order directing a citation to be issued forthwith, requiring appellant to appear before the court, on the next day, to show cause why he should not be punished for contempt; and that such citation was accordingly at once issued.

It further appears from the minutes and orders, that the matter of contempt came on for hearing the next day, the appellant appearing in person and by counsel; that an exception to the proceedings was taken by him, " a general denial entered, and the hearing was proceeded with;" that after the witnesses on behalf of the government were examined, the appellant moved to dismiss the matter of contempt, and the motion was denied; that he testified, under oath, in his own behalf; and that upon the conclusion of all the testimony the matter was submitted. The court made the following order:

"Whereas, in the progress of the trial of the action of *The United States of America* v. *W. More Young*, on the 12th day of February, 1889, upon the examination of the term trial juror, Robert McGarvin, as to his qualification to sit as a trial juror in the said action, the said McGarvin testified, among other things, in effect that on the day previous he was approached by one Thomas J. Cuddy with the object on Cuddy's part to influence his, McGarvin's, actions as a juror in the

said case in the event that he should be sworn to try the said. action; and

"Whereas, from the testimony, this court, on the said 12th day of February, 1889, entered an order directing the said Thomas J. Cuddy to show cause before this court, at the court-room thereof, at 10 o'clock, on the 13th day of February, 1889, why he should not be adjudged guilty of a contempt of this court; and

"Whereas, in response to the said citation, said Thomas J. Cuddy did, on the said 13th day of February, 1889, appear before the said court; and

"Whereas testimony was then and there introduced in respect to the matter both for and against him:

"The court, having duly considered the testimony, does now find the fact to be that the said Thomas J. Cuddy did, upon the 11th day of February, 1889, approach the said Robert McGarvin, at the time being a term trial juror duly impanelled in this court, with the view to improperly influence the said McGarvin's action in the case of the United States of America against the said Young in the event the said McGarvin should be sworn as a juror in said action.

"Now, it is here adjudged by the court that the said Thomas J. Cuddy did thereby commit a contempt of this court, for which contempt it is now here ordered and adjudged that the said Thomas J. Cuddy be imprisoned in the county jail of the county of Los Angeles for the period of six months from this date; and the marshal of this district will execute this judgment forthwith."

The petition for the writ sets out also the warrant of commitment, which recites that the appellant "was convicted of a contempt of the said court, committed on the 11th day of February, 1889, at the city of Los Angeles, county of Los Angeles, State of California, and within the jurisdiction of said court."

The appellant in his application claims "that said United States District Court had no jurisdiction or authority legally to try and sentence him in the manner and form above stated: (1) For the reason that the matters set out in said judg-

ment do not constitute any contempt of court provided for by § 725 of the Revised Statutes of the United States; (2) for the reason that the proceedings in said court were insufficient to give the court jurisdiction to proceed to judgment in said matter; (3) for the reason that said judgment is void, because not based or founded upon any proceedings in due course of law."

This is the whole case, as made by the petition for the writ of *habeas corpus.*

Although the testimony given on the hearing of the question of contempt was taken down by a stenographer, under oath, no part of it except the evidence of McGarvin, the substance of which is recited in the above order, appears in the transcript.

We are unable from the record before us to say that the Circuit Court erred in denying the application for the writ of *habeas corpus.*

The statute requires the application for a writ of *habeas corpus* to set forth " the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known.". Rev. Stat., § 754. The return must specify the true cause of detention, and the petitioner, or the party imprisoned, "may deny any of the facts set forth in the return, or may allege any other facts that may be material in the case." Such denials or allegations must be under oath, and amendments may be made, with the leave of the court, " so that thereby the material facts may be ascertained," and the matter disposed of " as law and justice require." Rev. Stat., §§ 757, 760, 761.

The present application does show in whose custody and by virtue of what authority the appellant is detained; but it sets forth the facts concerning his detention so far only as they are disclosed, as above, by the minutes, files and records of the District Court. It is stated in the brief of appellants' counsel, and the statement was repeated at the bar, that the difference between the Savin case, just determined, *ante,* 267, and the present case is, that the misbehavior constituting the contempt with which Savin is charged occurred in the court

building and while the court was in session ; whereas, the mis-behavior with which Cuddy is charged did not occur in the court building, nor, so far as the record of the District Court shows, while the court was in session. It was assumed in argument that, under no view of the facts, could the misbe-havior of Cuddy be deemed to have occurred in the presence of the court or so near thereto as to obstruct the administra-tion of justice, and therefore his offence, if punishable at all, was punishable only by indictment. But both the petition for *habeas corpus* and the record of the District Court are silent as to the particular locality where the appellant approached McGarvin, with a view of improperly influencing his actions in the event of his being sworn as a juror in the case of *United States* v. *Young*. That which, according to the finding and judgment, the appellant did, if done in the presence of the court, that is, in the place set apart for the use of the court, its officers, jurors and witnesses, was clearly a contempt, pun-ishable, as provided in § 725 of the Revised Statutes, by fine or imprisonment, at the discretion of the court, and without indictment. *Savin, Petitioner, ante*, 267.

The District Court possesses superior jurisdiction, within the meaning of the familiar rule that the judgments of courts of that character cannot be assailed collaterally, except upon grounds that impeach their jurisdiction. In *Kempe's Lessee* v. *Kennedy*, 5 Cranch, 173, 185, Chief Justice Marshall, after observing that the words " inferior court " apply to courts of special and limited authority, erected on such principles that their proceedings must show jurisdiction, said : " The courts of the United States are all of limited jurisdiction, and their proceedings are erroneous if the jurisdiction be not shown upon them. Judgments rendered in such cases may certainly be reversed, but this court is not prepared to say that they are absolute nullities, which may be totally disregarded." In *McCormick* v. *Sullivant*, 10 Wheat, 192, 199, where the ques-tion was, whether a decree in a suit in the Federal District Court of Ohio, which did not show that the parties were citi-zens of different States, was *coram non judice* and void, the court said that the reason assigned for holding that decree void

"proceeds upon an incorrect view of the character and juris-diction of the inferior courts of the United States. They are all of limited jurisdiction; but they are not, on that account, inferior courts, in the technical sense of those words, whose judgments, taken alone, are to be disregarded. If the juris-diction be not alleged in the proceedings, their judgments and decrees are erroneous, and may, upon a writ of error or appeal, be reversed for that cause. But they are not absolute nul-lities." And in *Galpin* v. *Page*, 18 Wall. 350, 365, the court said: "It is undoubtedly true that a superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to act rightly. All intendments of law in such cases are in favor of its acts. It is presumed to have juris-diction to give the judgments it renders until the contrary appears. And this presumption embraces jurisdiction not only of the cause or subject matter of the action in which the judg-ment is given, but of the parties also." The general rule that, unless the contrary appears from the record, a cause is deemed to be without the jurisdiction of a Circuit or District Court of the United States — their jurisdiction being limited by the Constitution and acts of Congress — has no application where the judgments of such courts are attacked collaterally.

Unless, therefore, the want of jurisdiction, as to subject matter or parties, appears, in some proper form, every intend-ment must be made in support of the judgment of a court of that character. The District Courts of the United States, invested with power to punish, without indictment, and by fine or imprisonment, at their discretion, contempts of their authority, are none the less superior courts of general juris-diction, because the statute declares that such power to punish contempts "shall not be construed" to extend to any cases except misbehavior in the presence of the court, misbehavior so near thereto as to obstruct the administration of justice, and disobedience or resistance to its lawful writ, process, order, rule, decree, or command. Rev. Stat. 725. The only effect of this limitation is to narrow the field for the exercise of their general power, as courts of superior jurisdiction, to punish contempts of their authority.

The record in the present case shows that the appellant was before the court; that testimony was heard in respect to the matter of contempt; and that the appellant testified in his own behalf. The judgment being attacked collaterally, and the record disclosing a case of contempt, and not showing one beyond the jurisdiction of the court, it must be presumed, in this proceeding, that the evidence made a case within its jurisdiction to punish in the mode pursued here. We do not mean to say that this presumption as to jurisdictional facts, about which the record is silent, may not be overcome by evidence. On the contrary, if the appellant had alleged such facts as indicated that the misbehavior with which he was charged was not such as, under § 725 of the Revised Statutes, made him liable to fine or imprisonment, at the discretion of the court, he would have been entitled to the writ, and, upon proving such facts, to have been discharged. Such evidence would not have contradicted the record. But he made no such allegation in his application, and, so far as the record shows, no such proof. The general averment, in the petition, that he was detained in violation of the Constitution and laws of the United States, and that the District Court had no jurisdiction or authority to try and sentence him, in the manner and form above stated, is an averment of a conclusion of law, and not of facts, that would, if found to exist, displace the presumption the law makes in support of the judgment. As it was neither alleged nor proved that the contempt, which the appellant was adjudged, upon notice and hearing, to have committed, was not committed in the presence of the court, and as his misbehavior, if it occurred in its presence, made him liable to fine or imprisonment, at the discretion of the court, it must be held that the want of jurisdiction is not affirmatively shown; consequently, that it does not appear that error was committed in refusing the writ.

Whether the attempt to influence the conduct of the term trial juror McGarvin was or was not, within the meaning of the statute, misbehavior so near to the court " as to obstruct the administration of justice," however distant from the court building may have been the place where the appellant met

him, is a question upon which it is not necessary to express an opinion.

For the reasons stated, the judgment below is

*Affirmed.*