Ex parte STEINER et al.

Ex parte WAGNER.

(Circuit Court of Appeals, Second Circuit. January 13, 1913. On Petition for Rehearing, February 3, 1913. On Rehearing, February 24, 1913.)

Nos. 97, 98.

1. CONTEMPT (§ 44*)—FEDERAL COURTS—JURISDICTION.

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1169 [U. S. Comp. St. Supp. 1911, p. 246]) §§ 299, 300, relating to the substitution of the District for the Circuit Court, the District Court is to be treated exactly as if it were the Circuit Court, and therefore had jurisdiction to punish as for a contempt of the Circuit Court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 128–130; Dec. Dig. § 44.*]

2. HABEAS CORPUS (§§ 27, 30*)—SCOPE OF WRIT—JURISDICTION.

The writ of habeas corpus cannot be used to correct error in a judicial determination, but may be used to attack any judicial determination involving personal liberty, which was made without or beyond the jurisdiction of the court, but only after final hearing except in extraordinary cases.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 22, 25; Dec. Dig. §§ 27, 30.*

Jurisdiction of federal courts, see note to In re Huse, 25 C. C. A. 4.]

3. HABEAS CORPUS (§ 94*)—CONTEMPT—FEDERAL JURISDICTION—STATUTES.

The power of a federal court to punish for contempt by imprisonment, under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [U. S. Comp. St. Supp. 1911, p. 237]) § 268, providing that such courts shall have power to punish for contempts not extending to any cases except misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, etc., involves a question of jurisdiction, as distinguished from mere error, which may be determined on habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 82, 92; Dec. Dig. § 94.*]

4. CONTEMPT (§ 13*)—POWER TO PUNISH—CONSPIRACY TO MISLEAD COURT—PRESUMPTIONS.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1163 [U. S. Comp. St. Supp. 1911, p. 237]) § 268, provides that the federal courts shall have power to punish contempts consisting of misbehavior of any person in their presence, or so near as to obstruct the administration of justice, the misbehavior of any of the officers of the courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person, to any lawful writ, process, order, decree, or command of such courts. Held, that a federal court had power under such section to punish as for contempt a conspiracy to mislead the court by swearing to false affidavits in opposition to a motion for a preliminary injunction, and in the absence of anything to the contrary it would be presumed, in support of the court's jurisdiction, that the affidavits were verified in the presence of the court.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 30–35; Dec. Dig. § 13.*]

Appeals from the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petitions by William Steiner and others and by Leon Wagner for writs of habeas corpus. From decrees dismissing the writs, petitioners appeal. Affirmed.

Kellogg & Rose, of New York City (A. J. Rose, Seward Davis, and Alfred C. Pette, all of New York City, of counsel), for appellants.

John Neville Boyle, Asst. U. S. Atty., and Henry A. Wise, U. S. Atty., both of New York City, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an order of the District Court denying a writ of habeas corpus on the ground that the petition showed the petitioners were not entitled to the same. The five petitioners were in custody of the United States marshal by virtue of a warrant of attachment issued by Judge Lacombe sitting in the late Circuit Court, requiring him to bring them before the court that they may be dealt with according to law for the offenses charged against them, which were that all five had been guilty of a criminal contempt in conspiring to mislead the court, and to that end swearing to false affidavits used in opposition to a motion for a preliminary injunction, and that four of them were guilty of an additional contempt in not surrendering all the infringing cameras in their control in accordance with the order of the court.

[1] The petition challenged the jurisdiction of the court on the ground that the District Court was without power to punish for a contempt of the Circuit Court. We think this objection not well founded because, under sections 299 and 300 of the Judicial Code, the District Court is to be treated exactly as if it were the Circuit Court. The petition also challenged the jurisdiction of the court on the ground that the offenses charged were not contempts within section 268 of the Judicial Code (formerly section 725, U. S. Rev. St. [U. S. Comp. St. 1901, p. 583]) which reads as follows:

"Sec. 268. (Power to administer oaths and punish contempts.) The said courts shall have power to impose and administer all necessary oaths, and to punish, by fine or imprisonment, at the discretion of the court, contempts of their authority: Provided, that such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the said courts."

[2, 3] A writ of habeas corpus cannot be used to correct error in a judicial determination, but may be used to attack any judicial determination involving personal liberty which was made without jurisdiction or beyond the jurisdiction of the court. It is frequently difficult to determine whether a decision involves mere error or is without the jurisdiction of the court. We are satisfied that the power to punish for contempt by imprisonment under the foregoing section does involve the question of the jurisdiction of the court as distinguished from mere error. The right of the court to punish at all depends

upon whether the alleged contempt falls within the definition contained in the statute. If this were not so the lengthy discussions in many habeas corpus proceedings in the Supreme Court, among others in Ex parte Robinson, 19 Wall. 505, 22 L. Ed. 205, and Ex parte Terry, 128 U. S. 289, 9 Sup. Ct. 77, 32 L. Ed. 405, would have been entirely unnecessary. The cases could have been at once disposed of by saying that the orders involved could not be attacked collaterally, but, if erroneous, could only be corrected by writ of error or appeal. The question under this statute is discussed at length as jurisdictional in Cuddy, Petitioner, 131 U. S. 280, 286, 9 Sup. Ct. 703, 33 L. Ed. 154. The Supreme Court, however, has indicated that as matter of procedure it is improper, except in extraordinary cases, to grant the writ until the final determination of the ruling of the court below upon writ of error or appeal, where such remedies are available. Riggins v. U. S., 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303. This proceeds on the theory that the erroneous decision of a court which has a right to dispose of a controversy on the merits, as well as a decision where the court has no jurisdiction to dispose of the question at all may be corrected directly by appeal or writ of error. There is ordinarily no necessity for a writ of habeas corpus. The final determination of a question which the court has no authority to dispose of at all may be attacked collaterally in a habeas corpus proceeding. In other words, the writ remains still as of old, a safeguard against illegal interference with the liberty of the individual.

[4] Furthermore, if we assume the present to be an extraordinary case, the result will be the same. The Supreme Court has included within the statute contempts committed in the presence of the court which do not involve violence or disorder, such as an attempt to deter a witness from testifying (Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150), or an attempt to bribe a juror (Cuddy, Petitioner, 131 U. S. 280, 9 Sup. Ct. 703, 33 L. Ed. 154). Counsel for petitioners in this case do not attempt to distinguish a conspiracy to mislead the court by making and using false affidavits as differing in nature from the before-mentioned acts, but contend that neither the conspiracy alleged nor the verification of the affidavits was made in the presence of the court. The trouble with this is that, there being nothing in the papers to show where the conspiracy was made or the affidavits were verified, we are bound to assume in aid of the jurisdiction of the court below that these things were done in its presence. Mr. Justice Harlan so held in Cuddy, Petitioner, supra, saying:

"The record in the present case shows that the appellant was before the court, that testimony was heard in respect to the matter of contempt, and that the appellant testified in his own behalf. The judgment being attacked collaterally, and the record disclosing a case of contempt, and not showing one beyond the jurisdiction of the court, it must be presumed, in this proceeding, that the evidence made a case within its jurisdiction to punish in the mode pursued here. We do not mean to say that this presumption as to jurisdictional facts, about which the record is silent, may not be overcome by evidence. On the contrary, if the appellant had alleged such facts as indicated that the misbehavior with which he was charged was not such as, under section 725 of the Revised Statutes, made him liable to fine or imprisonment, at the discretion of the court, he would have been entitled to the

writ, and, upon proving such facts, to have been discharged. Such evidence would not have contradicted the record. But he made no such allegation in his application, and, so far as the record shows, no such proof. The general averment, in the petition, that he was detained in violation of the Constitution and laws of the United States, and that the District Court had no jurisdiction or authority to try and sentence him, in the manner and form above stated, is an averment of a conclusion of law, and not of facts, that would, if found to exist, displace the presumption the law makes in support of the judgment. As it was neither alleged nor proved that the contempt which the appellant was adjudged, upon notice and hearing, to have committed, was not committed in the presence of the court, and as his misbehavior, if it occurred in its presence, made him liable to fine or imprisonment, at the discretion of the court, it must be held that the want of jurisdiction is not affirmatively shown; consequently, that it does not appear that error was committed in refusing the writ."

The question whether or not it is a contempt within the statute to verify false affidavits at a place distant from the court where such affidavits are subsequently presented does not arise upon the present appeal, and we cannot therefore properly express an opinion thereon.

The order is affirmed, without costs.

## On Petition for Rehearing.

PER CURIAM. The petition for a reargument is granted.

Counsel may have 10 days from date in which to submit short supplementary briefs upon the point presented by the petition that the alleged contempt was not committed in the presence of the court or so near thereto as to obstruct the administration of justice.

We see no occasion for an additional oral argument.

## On Rehearing.

PER CURIAM. Since our decision in these habeas corpus proceedings, it has been pointed out to us that the petitions for the writs did contain an allegation to the effect that the affidavits charged to be false were verified by the petitioners more than half a mile away from the court. In view of this, we granted a motion for a rehearing upon the single point whether such acts could be considered contempts within section 268 of the Judicial Code, "in the presence of the court or so near thereto as to obstruct the administration of justice." In the meantime the Supreme Court has handed down an opinion in the case of Johnson v. Hoy, U. S. Marshal, 227 U. S. 245, 33 Sup. Ct. 240, 57 L. Ed. ——, disapproving in the most peremptory manner of the granting of writs of habeas corpus before trial. Moreover, it holds that a case is not within the exception to the general rule as extraordinary where the petitioner is at liberty. This because he has the relief which the writ is intended to give. It was for this reason principally that we affirmed the order of the District Court. What else we said was on the assumption that the case was an extraordinary one. The petitioners not being in custody, it does not seem to us proper, in the face of this late decision of the Supreme Court, to depart from the practice which it treats as definitely established.

Therefore the order as heretofore entered will not be disturbed.