ARCHER, Warden, etc., v. HEATH.

Circuit Court of Appeals, Ninth Circuit. February 18, 1929.

·Rehearing Denied March 25, 1929.

No. 5517.

George Sellett, U. S. Atty., of Shanghai, China, Anthony Savage, U. S. Atty., of Seattle, Wash., and John T. McCutcheon, Asst.

U. S. Atty., of Tacoma, Wash., for appellant.

W. W. Mount, of Tacoma, Wash., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This is an appeal from an order discharging the appellee from the custody of the warden of the United States penitentiary at McNeil Island, Washington, to whose custody he had been committed in execution of a final judgment of the United States Court for China. The reason for the discharge was that the information upon which the conviction was had failed to charge that the appellee was a citizen of the United States at the time of the commission of the crime. A similar question was presented to this court, by writ of error, in Husar v. United States, 26 F.(2d) 847, but was left undecided.

█ In considering the question thus presented we must bear in mind the nature of the attack on the judgment of conviction and the wide distinction between a direct and a collateral attack. Where a judgment of a United States court is attacked directly by appeal, the judgment will be reversed, unless the jurisdictional facts appear some place in the record; but on a collateral attack, such as by habeas corpus, the judgment is presumptively valid, unless it appears affirmatively from the record that the court was without jurisdiction. This distinction has been repeatedly recognized by the Supreme Court, and it has been universally held that a petitioner is not entitled to a discharge on habeas corpus simply because the record of conviction fails to show affirmatively the jurisdiction of the court in which the conviction was had. Ex parte Cuddy, 131 U. S. 280, 9 S. Ct. 703, 33 L. Ed. 154; United States v. Pridgeon, 153 U. S. 48, 14 S. Ct. 746, 38 L. Ed. 631; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036.

In the first of these cases the record of conviction for contempt failed to show affirmatively that the contempt was committed within the presence of the court, or so near thereto as to obstruct the administration of justice, and unless so committed the court was without jurisdiction; in the second case, the venue laid in the indictment included territory over which the trial court had no jurisdiction; and, in the third case, no venue was laid in the information. But in all three cases writs of habeas corpus were denied because the want of jurisdiction did not affirmatively appear on the face of the records.

Of course, it would have been competent for the appellee to allege and prove that he was not a citizen of the United States at the time of the commission of the crime, if that fact was material, because such proof would not contradict or impeach the record; but the application for the writ contains no such averment. We have thus far assumed that the information was defective as claimed, but upon that question we express no opinion.

█ It is further contended that the United States Court for China was without authority to sentence the appellee to imprisonment in the United States penitentiary at McNeil Island, Washington; but, by section 696, 18 USCA, the Attorney General is authorized to designate the place of confinement, and in the absence of any showing to the contrary we must presume that such designation has been made.

The other objections urged by the appellee in support of his application for a discharge are wholly insufficient in point of law and call for no discussion.

The order of the court below is reversed, with directions to remand the prisoner to the custody whence he was taken.