**NEWMAN v. ZERBST, Warden.**

No. 1402.

Circuit Court of Appeals, Tenth Circuit.

May 11, 1936.

Robert H. Nelson, of Wichita, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from a judgment dismissing an application for a writ of habeas corpus.

Petitioner's complaint discloses these facts: An indictment containing eleven counts, charging petitioner with violations of the National Motor Vehicle Theft Act (18 U.S.C.A. § 408), was returned in the District Court of the United States for the Northern District of Illinois, and docketed as cause Number 27658. On December 18, 1933, petitioner pleaded guilty to each count and was sentenced to confinement in a United States Penitentiary for the term of five years. On the same day petitioner pleaded guilty in cause Number 27283, and was sentenced to confinement in a United States Penitentiary for a term of five years, such sentence to run concurrently with the sentence in cause Number 27658.

In his complaint, petitioner challenged the sufficiency of the indictment in cause

974

Number 27658, but in no wise questioned the validity of the concurrent sentence in Number 27283; and in this, a collateral proceeding, the indictment, the proceedings had and the judgment rendered in Number 27283 are presumed to be regular and valid. Ex parte Cuddy, Petitioner, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154; Archer v. Heath (C.C.A.9) 30 F.(2d) 932; Stockslager v. U. S. (C.C.A.9) 116 F. 590, 595; Lewis v. U. S., 279 U.S. 63, 73, 49 S.Ct. 257, 73 L.Ed. 615. It follows that, even if the indictment in Number 27658 wholly failed to state an offense against the United States, which we do not concede, petitioner would not be entitled to discharge on habeas corpus.

■ Since petitioner is lawfully imprisoned on the sentence in Number 27283, he may not, by habeas corpus, secure a judicial determination of the validity of the conviction and sentence in Number 27658. "Without restraint which is unlawful, the writ may not be used." McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 27, 79 L.Ed. 238.

The petitioner filed an affidavit of bias or prejudice seeking to disqualify District Judge Richard J. Hopkins under 28 U.S. C.A. § 25.

The affidavit did not "state the facts and the reasons for the belief" of the existence of such bias or prejudice, and was not accompanied by a certificate of counsel of record that the affidavit and application were made in good faith as required by the statute. Moreover, counsel for petitioner in open court stated he could not make such a certificate.

The statutory requirements adverted to are not technical; they are required as a precaution against abuse of the privilege accorded. In Berger v. U. S., 255 U.S. 22, 33, 41 S.Ct. 230, 233, 65 L.Ed. 481, the court in adverting to the requirement that the affidavit shall state the facts and the reasons for the belief of the existence of the bias or prejudice said:

"It is a precaution against abuse, removes the averments and belief from the irresponsibility of unsupported opinion, and adds to the certificate of counsel the supplementary aid of the penalties attached to perjury."

■ The affidavit was clearly insufficient in that it did not state the facts and the reasons for the belief that bias and prejudice existed,[1] and was not accompanied by the requisite certificate of counsel;[2] and it was properly overruled.

The judgment is affirmed.

[1] Berger v. U. S., 255 U.S. 22, 41 S. Ct. 230, 65 L.Ed. 481; Keown v. Hughes (C.C.A. 1) 265 F. 572; Morse v. Lewis (C.C.A. 4) 54 F.(2d) 1027, 1031, 1032 (Cert. denied 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291); Minnesota & Ontario P. Co. v. Molyneaux (C.C.A. 8) 70 F.(2d) 545, 547.

[2] Cuddy v. Otis (C.C.A. 8) 33 F.(2d) 577; Currin v. Nourse (C.C.A.8) 74 F. (2d) 273 (Cert. denied 294 U.S. 729, 55 S.Ct. 638, 79 L.Ed. 1259); Morse v. Lewis (C.C.A. 4) 54 F.(2d) 1027, 1032.