**HATTEN v. HUDSPETH, Warden.**
**No. 1750.**

Circuit Court of Appeals, Tenth Circuit.
Oct. 26, 1938.

Hal C. Davis, of Topeka, Kan., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

WILLIAMS, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Kansas, denying appellant a writ of habeas corpus.

Appellant is confined in the United States Penitentiary at Leavenworth in the State of Kansas by the respondent, Robert H. Hudspeth as warden, under a commitment issued out of the United States District Court for the Western Division of the District of South Dakota, on July 21, A. D. 1931, which sets out the judgment imposed by said court on said date, wherein appellant was then and there sentenced to be committed to the custody of the Attorney General of the United States for and during the term or period of his entire life at hard labor.

Said conviction was on an indictment containing two counts for murder, alleged to have been committed on February 27, 1931. Section 549, Title 18 U.S.C.A., Feb.

2, 1903, Ch. 351, 32 Stat. 793; Mar. 4, 1909, Ch. 321, Sec. 329, 35 Stat. 1151.

The pertinent parts of the second count of the indictment upon which appellant was convicted are: " * * * at and in and within the limits of the boundaries of the Rosebud Indian Reservation, a reservation set apart for the use and benefit of the Rosebud Tribe or Band of Sioux Indians, and in the Indian Country, in the County of Todd, in the State and District of South Dakota, in the Western District thereof, and within the exclusive jurisdiction of this Court, * * *, then and there being, * * *."

In the latter portion thereof also the following is contained: " * * *. and same was then and there committed as aforesaid in the perpetration of, and in the attempt to perpetrate a robbery at the store premises of the said C. B. Dowling in the village of Parmalee, in the County of Todd, in the State and District of South Dakota."

The petition for writ of habeas corpus is based on the ground that said court was without jurisdiction for the reason that the place wherein said murder was alleged to have been committed was not within the limits of the boundaries of the Rosebud Indian Reservation or any other Indian reservation, and that "at the store premises of the said C. B. Dowling in the village of Parmalee" constituted a part of land for which patent was issued by the United States of America to Millie Running Horse on May 8, 1919, and was not land over which the United States had criminal jurisdiction. Upon examination of the entire second count it is disclosed that the exact spot or location of the plot or spot of ground on which the murder was committed is not alleged with greater certainty as to the particular locality, it being alleged to be "within the limits of the boundaries of the Rosebud Indian Reservation * * * and in the Indian Country * * * and within the exclusive jurisdiction of this court, * * *."

■ On a collateral attack as by habeas corpus the judgment is presumptively valid unless it appears affirmatively from the record that the court was without jurisdiction. The rule that unless the contrary appears from the record, a cause is deemed to be without the jurisdiction of a Circuit or District Court of the United States—their jurisdiction being limited by the constitution and acts of Congress—has no application where the judgments of such courts are attacked collaterally, and unless the want of jurisdiction as to subject-matter or parties appears in some proper form every intendment must be made in support of the judgment of a court of that character. Ex parte Cuddy, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154.

■ The habeas corpus proceeding being a collateral attack of a civil nature, it must clearly and affirmatively appear that the indictment charged an offense of which the court had no jurisdiction, so that its sentence was void, in order to effect a discharge of appellant. United States v. Pridgeon, 153 U.S. 48, 14 S.Ct. 746, 38 L.Ed. 631; Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036; Archer v. Heath, 9 Cir., 30 F.2d 932; Walsh v. Archer, 9 Cir., 73 F.2d 197; Bowen v. Johnson, 9 Cir., 97 F.2d 860; Campbell v. Aderhold, Warden, 5 Cir., 67 F.2d 246, and Bratton v. United States, 10 Cir., 73 F.2d 795.

■ Appellant seeks to prove in this collateral attack that "the store premises of the said C. B. Dowling in the village of Parmalee" was located on Lot 15 of Block 11 of the original town of Parmalee, and that said lot and block is a part of the land described in an original patent issued to Millie Running Horse in 1919, but such is not permissible in this collateral attack, especially in view of the allegations of the indictment that the crime of murder took place on the Rosebud Indian Reservation and within the exclusive jurisdiction of the United States, an issue of fact like other material facts alleged in the indictment put in issue to be established by the evidence offered on behalf of the United States. Such a finding of fact by the jury on such material issue is not subject to review in habeas corpus proceedings. It is as conclusive as to the finding of the jury as that as to its finding that the crime of murder was committed by the appellant, and such question of fact put in issue on the indictment can be reviewed in the appellate court only by direct appeal from the judgment rendered in the trial court.

■ Contention is made in the petition for the writ, referring to Act of May 29, 1908, chapter 218, 35 Stat. 460, that said act opened part of the Rosebud Indian Reservation in South Dakota to settlement and excluded the land referred to therein from a reservation, citing United States v. La Plant, D.C., 200 F. 92. The original treaty between the United States of America and

different tribes of Sioux Indians was concluded April 29, 1868; ratification was advised February 16, 1869, and the treaty proclaimed February 24, 1869. 15 Stat. 635.

The Act of March 2, 1889, 25 Stat. 888, divided a portion of the reservation of the Sioux nation of Indians in Dakota into separate reservations, and secured the relinquishment of the Indian title to the remainder. Said Act of March 2, 1889 created several reservations out of the territory embraced in the treaty of February 16, 1869, among which was the Rosebud Agency in the territory of Dakota. The Rosebud Reservation was not part of the diminished territory of the land included in the first treaty, but was maintained intact, and called the Rosebud Indian Reservation.

In appellant's brief, contention is made that by said Act of Congress, May 29, 1908, certain parts of an Indian Reservation in South Dakota were opened and excluded the land therein referred to from a reservation, and that by said act the Indian land was diminished in South Dakota.

The Act of May 29, 1908, 35 Stat. 460, has to do with a portion of the surplus and unallotted lands in the Cheyenne River and Standing Rock Indian Reservations in the states of South Dakota and North Dakota. The Standing Rock Reservation and the Cheyenne River Reservation were created by said act of March 2, 1889, as was the Rosebud Reservation. Act of May 29, 1908, relied upon by appellant, not including the Rosebud Reservation, has no application here.

United States v. La Plant, D.C. South Dakota, 200 F. 92, supra, based upon Act of May 29, 1908, 35 Stat. 460, holding in effect that by said act the reservation was diminished and the government therefore did not have jurisdiction over the diminished portions of the reservation, has no application here in this case, as the Rosebud Indian Reservation was not affected by the Act of May 29, 1908.

United States v. Frank Black Spotted Horse, D.C. South Dakota, 282 F. 349, involves an indictment for murder on the Rosebud Indian Reservation in the County of Todd, South Dakota, in the same county and state and same reservation in which the instant indictment for murder applies. The District Court in that case, passing upon a demurrer to determine whether the government had jurisdiction to try the defendant for murder, discusses the situation in regard to the Rosebud Indian Reservation, and in effect holds that the government did have jurisdiction over the entire Rosebud Indian Reservation, even over portions of the reservation to which patents had been issued to individual Indians.

See, also, Hollister v. United States, 8 Cir., 145 F. 773, and Ex Parte Van Moore, D.C. South Dakota, 221 F. 954.

(1) Nothing affirmatively appears on the face of the indictment in this case to show that the United States District Court for the District of South Dakota did not have jurisdiction of the offense for which appellant was convicted, so as to render the sentence void on collateral attack.

(2) The United States District Court for the Western Division of the District of South Dakota under this appeal as to a writ of habeas corpus had exclusive jurisdiction over said crime of murder committed within the limits of said Rosebud Indian Reservation, County of Todd, South Dakota.

The judgment of the District Court denying the writ of habeas corpus is affirmed.