**HEAD v. HUNTER, Warden.**

No. 2863.

Circuit Court of Appeals, Tenth Circuit.

March 3, 1944.

Dale Kidwell, of Wichita, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeka, Kan. (George H. West, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment denying discharge in a habeas corpus proceedings.

The appellant, a full blood Ogalala Indian and a co-defendant were indicted in the United States District Court for the Southern District of South Dakota. The indictment charged that on or about the 24th day of May, 1941, in Shannon County, in the Western Division and within the exclusive jurisdiction of the United States District Court for the District of South Dakota, the appellant John Bird Head and Paul Plenty Wounds had in their possession a valid permit which authorized one Joseph Plenty Wounds to sell Indian trust property, to-wit: one hereford cow hide. That the said permit had been duly executed and issued on the 8th day of March, 1941, by a duly authorized official of the United States Government, and on the 24th day of May, 1941, while the said permit was in their possession, appellant and his co-defendant did willfully, unlawfully and knowingly alter and change the intent, meaning, and authority of the said permit by causing the same to show authority in the said Paul Plenty Wounds to sell one hereford cow with the intent and purpose to defraud the United States of America, in violation of Section 28 of the Criminal Code, 18 U.S.C.A. § 72. Section 28 of the Criminal Code provides a penalty for the altering, forging or counterfeiting of any bond, bid, proposal, contract, guarantee, security, official bond, public record, affidavit, or other writing for the purpose of defrauding the United States, or for willfully aiding or assisting in the same. To this indictment appellant entered a plea of guilty on April 16, 1942, and was sentenced for a term of six years.

The petition for the writ alleged that the judgment and sentence, by force of which appellant is deprived of his liberty, is void, because (1) the court lacked jurisdiction over the person and subject matter; and (2) he was not accorded his constitutional right to know and be informed of the charge contained in the indictment, and therefore did not intelligently and understandingly plead to the charge.

■ The jurisdiction of the sentencing court over the subject matter is challenged on the grounds that the permit set out in the indictment is not one of those instruments specifically enumerated in the statute creating the offense charged, consequently the indictment does not charge an offense under the statute, and the judgment and sentence based thereon is a nullity. It is true that the statute does not specifically name or describe the permit which the indictment charges the appellant with having forged or altered, neither is it synonymous with any of the enumerated instruments. To come within the purview of the statute the permit to sell Indian trust property must fall within the category of those instruments described only by the statutory words "other writing", and the statutory language employed to describe or create the offense which, when strictly construed, must plainly embrace the acts alleged to be unlawful. United States v. Wiltberger, 5 Wheat. 76, 85, 5 L.Ed. 37; United States v. Reese, 92 U.S. 214, 219, 23 L.Ed. 563; United States v. Salen, 235 U.S. 237, 35 S.Ct. 51, 59 L.Ed. 210; Fasulo v. United States, 272 U.S. 620, 47 S.Ct. 200, 71 L.Ed. 443. Although penal statutes are to be construed strictly they should not be construed so strictly as to defeat the plain legislative intent.

■ But the obvious purpose of Section 28 of the Criminal Code is to protect the Government against the forging, altering, or counterfeiting of documents, records, or "other writing" which have some direct connection with the administration of governmental functions and activities, Cross v. North Carolina, 132 U.S. 131, 10 S.Ct. 47, 33 L.Ed. 287, and consistent with that purpose the statute makes use of the words "other writing" to denote the comprehensive scope of the legislation. The statute has been consistently construed to embrace the forging, altering, or counterfeiting of instruments not specifically named in the statute, as within the legislative intent and meaning of the phrase "other writing". United States v. Lawrence, 26 Fed.Cas. page 878, No. 15,572; United States v. Plyler, 222 U.S. 15, 32 S. Ct. 6, 56 L.Ed. 70; United States v. Tynan, D.C., 6 F.2d 668; Goldsmith v. United States, 2 Cir., 42 F.2d 133, and cases cited therein; Johnson v. Warden, 9 Cir., 134

F.2d 166, certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714. The words "other writing" as used in a companion statute, Sec. 29 of Criminal Code, 18 U.S. C.A. § 73, for the same purpose have received the same construction under facts not dissimilar. See Prussian v. United States, 282 U.S. 675, 51 S.Ct. 223, 75 L.Ed. 610.

■■ It is further contended that the forging or altering of the permit, as set forth in the indictment, did not encompass a purpose to defraud the United States, which is an essential ingredient of the statutory offense. Rather it is argued that it was not the intention of the parties to defraud the United States of any money or property, but to defraud a private citizen. It is true that the indictment does not charge the United States suffered a pecuniary loss, but a pecuniary loss to the Government is not prerequisite to the crime of defrauding the United States. It is enough if the acts charged frustrate the administration of a statute or tend to impair or impede a governmental function. Cross v. North Carolina, supra; Hammerschmidt v. United States, 265 U.S. 182, 44 S.Ct. 511, 68 L.Ed. 968; United States v. Tynan, supra; Falter v. United States, 2 Cir., 23 F.2d 420; Miller v. United States, 2 Cir., 24 F.2d 353; Goldsmith v. United States, 2 Cir., 42 F.2d 133; United States v. Goldsmith, 2 Cir., 68 F.2d 5; Johnson v. Warden, supra. The permit described in the indictment was an instrument issued by an official of the United States Government in the performance of his official duties and it is charged that this instrument was forged, altered and changed for the purpose of defrauding the United States. It follows that if a statute of the United States was thereby frustrated, or a governmental function impeded or impaired, the requirements of the criminal statute are satisfied. The appellant entered a plea of guilty and any questions of fact are thereby foreclosed.

The appellant asserts that he is a full blood member of the Ogalala Sioux Indian Tribe, and as such is subject to the jurisdiction of its tribal laws. That he was duly charged in the tribal courts with altering a government permit with intent to defraud a cattle dealer and not the United States; that this charge was dismissed for want of prosecution and the judgment therein constitutes a bar to prosecution by the United States under the statute laid in the indictment. In the brief, filed in appellant's behalf, it is argued that Section 329 of the Criminal Code, 18 U.S.C.A. § 549, extends the laws of the United States to the Indian Reservations in South Dakota in respect to certain enumerated crimes committed therein and confers jurisdiction upon the United States District Courts to try any person charged with one of the enumerated crimes as any other person committing a Federal offense within the exclusive jurisdiction of the United States. It is argued that this section does not include the offense, with which this appellant is charged, and the court, therefore, did not have jurisdiction.

■ Section 329 does extend the jurisdiction of the United States courts over certain enumerated crimes committed within the limits of an Indian Reservation in South Dakota, and the history of this legislation shows that it was intended to confer jurisdiction upon the United States Courts which the state of South Dakota relinquished and ceded by legislative enactment. See Hollister v. United States, 8 Cir., 145 F. 773; Kills Plenty v. United States, 8 Cir., 133 F.2d 292. There is nothing in the legislation to indicate, or from which it can be inferred that the jurisdiction of the United States was restricted in respect to crimes which are generally applicable throughout the United States to all persons. We are cited to no Act, and find none, indicating an intention to except this appellant or his tribe from the scope of the Act creating and defining the offense. Appellant is charged with an offense against the laws of the United States which is generally applicable to all persons wherever committed, and the indictment specifically alleges that the offense was committed "in Shannon County, in the Western Division of the District of South Dakota, and within the exclusive jurisdiction of this court". The indictment having recited the essential jurisdictional facts and the contrary not being shown upon its face, the jurisdiction of the sentencing court cannot be collaterally impeached in a habeas corpus proceeding. Ex parte Cuddy, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154; Archer v. Heath, 9 Cir., 30 F.2d 932; Bowen v. Johnson, 9 Cir., 97 F.2d 860; Hatten v. Hudspeth, 10 Cir., 99 F.2d 501.

■ Finally, appellant contends in substance that he is an incompetent Indian

452

ward of the United States Government; that the indictment was not read to him so that he understood the nature of the charge; that he entered a plea of guilty to the indictment upon the representation of the United States Attorney that it charged him with aiding and assisting in the forging or altering of the permit described therein, and that he did not know and understand that the indictment also charged the offense of defrauding the United States. When this plea was made in the habeas corpus proceedings below, the trial court recessed the hearing to permit the appellant and the Government to take the testimony of the United States Attorney, and the official court Interpreter, who was present during the conversations between the United States Attorney, the appellant and his co-defendant. This testimony was adduced, submitted and considered by the trial court, and upon this evidence the court found and concluded that the indictment was read to the petitioner in open court, explained to him by the United States Attorney, and that petitioner knew and understood the nature of the charge against him when he pleaded guilty. This finding is amply supported by the evidence, and the judgment is affirmed.