**Willie Charles HILL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16724.**

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1960.

Rehearing Denied Jan. 3, 1961.

Willie C. Hill, in pro. per., and Thomas H. Ludlow, Jr., Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Robert A. Eisenstein, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and BURKE, District Judge.

BURKE, District Judge.

On January 17, 1958 a jury found appellant guilty of a sale of narcotics in violation of 21 U.S.C.A. § 174 as charged in an indictment returned by the Grand Jury for the Southern District of Cali-

fornia. This appeal is taken from an order of the District Court denying a motion to vacate the judgment of conviction. The only question presented is whether an alleged failure by the government to establish venue at the trial requires reversal by this court.

■ Appellant failed to take a timely direct appeal from the judgment below and the District Court properly treated his motion as a collateral attack upon the judgment pursuant to 28 U.S.C. § 2255. That section, by its terms, applies to a motion to vacate a sentence by a federal court upon the ground that it was "imposed in violation of the constitutional laws of the United States, or that the court was without jurisdiction to impose such sentence".

■ Appellant alleges, inter alia, that this appeal raises a constitutional question and charges violation of his rights under the Sixth Amendment. He contends that the venue of the offense of which he was convicted was not proven at the trial and that he was thus deprived of his constitutional right to trial in the district in which the crime was committed. This court fails to see in what regard such constitutional right of appellant was infringed since appellant nowhere maintains that venue was in a judicial district other than the Southern District of California. Appellant here merely reiterates the contentions made before the lower court that the trial record fails to disclose affirmatively that the crime was committed in Los Angeles county.

The question which this appeal attempts to raise is not whether venue should have attached elsewhere but solely whether venue was proven to be in the the district in which the trial was held. Appellant argues that venue was not properly established and that the adequacy of the proof introduced is reviewable in the instant proceeding. This court finds no merit in appellant's contention, even if it be assumed arguendo that the evidentiary question is subject to inquiry.

Appellant cites a number of cases in which reference to certain streets and intersections was deemed insufficient to establish proof of venue. He urges that similar evidence presented at his trial can not be taken as justifying a local jury to conclude that these references were to familiar locations. Authority is cited by the Government that other courts have deemed such references to be adequate to establish venue. The conflict in the cases regarding the probative value of the evidence in question seems to stem from the specific context in which the evidence is offered and the extent of actual doubt as to the venue of the offense. There is no indication in the instant proceeding that the facts did not support a presumption of proper venue as a matter of common experience, nor that the lack of additional proof was due to an inherent difficulty in producing such proof. Compare Brightman v. United States, 8 Cir., 1925, 7 F.2d 532.

Although the record before us does not contain a direct question regarding the county in which the offense occurred, no one in the court room seems to have challenged that it was Los Angeles county to which all the testimony referred. We concur in the findings of the district judge that the record is replete with testimony and circumstances from which the jury could justifiably conclude that the crime took place in Los Angeles county.

■ This court is mindful that proof of venue in a criminal prosecution is essential. However, it may be proved by either direct or circumstantial evidence and need not be proved beyond a reasonable doubt. Dean v. United States, 8 Cir., 1957, 246 F.2d 335, and cases cited. In the instant case the proof on the whole was adequate to support a legitimate inference that the crime was committed where the venue was laid. Appellant has failed to take exception to the alleged insufficiency of the evidence by timely direct appeal from the judgment of conviction and the present motion under 28 U. S.C. § 2255, and an appeal therefrom, can not be substituted for such direct appeal. Brule v. United States, 9 Cir., 1957, 240

F.2d 589. Upon collateral attack a judgment is presumptively valid unless it appears affirmatively from the record that the trial court was without jurisdiction. Archer v. Heath, 9 Cir., 1929, 30 F.2d 932; Campbell v. Aderhold, 5 Cir., 1933, 67 F.2d 246; Hatten v. Hudspeth, 10 Cir., 1938, 99 F.2d 501. We find nothing in the record that would justify a finding of lack of jurisdiction or amount to "such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack", pursuant to 28 U.S.C. § 2255.

Affirmed.