### FULLER et al. v. UNITED STATES.
#### No. 9221.

Circuit Court of Appeals, Ninth Circuit.

March 27, 1940.

Rehearing Denied June 11, 1940.

Marshall B. Woodworth, of San Francisco, Cal., and S. Luke Howe, of Sacramento, Cal., for appellants.

Frank J. Hennessy, U. S. Atty., and William E. Licking and Thos. C. Lynch, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellants were convicted of violations of the statute relating to the presentation of false claims, 18 U.S.C.A. § 80, and of conspiracy to commit an offense against the United States, 18 U.S.C.A. § 88.

The indictment charges in six of its counts that appellants and four others (who were acquitted) wilfully falsified material facts in a matter within the jurisdiction of an agency of the United States. The falsification occurred in connection with the sale of quantities of gold to the mint at San Francisco. Under regulations issued by the Secretary of the Treasury pursuant to the Gold Reserve Act of 1934, 31 U.S.C.A. §§ 440 et seq., the mints were authorized to purchase gold from persons who had mined or panned it, on the condition that the gold be accompanied by an affidavit on a form called TG-19.[1] It was charged that in the affidavits which accompanied the tenders false information was given the mint concerning the source of the gold and the time of its production. Also that appellants falsely stated that it had been mined by themselves. There were six counts relating to as many falsifications and six relating to the use made of the affidavits. Appellants were convicted on all counts except the first, and were sentenced to serve five years on each count, the sentences to run concurrently.

It is urged that the Gold Reserve Act provides an exclusive penalty for the violation of its terms, thus superseding the false claims statute. By § 4 of the act provision is made for the forfeiture of gold held in violation of the law, and for a "pen-

---

[1] For a discussion of the various forms of affidavit required by the regulations, see Hills v. United States, 9 Cir., 97 F. 2d 710, 711, 712.

alty equal to twice the value of the gold." The section does not purport to provide punishment as for a criminal offense. In any event it is immaterial whether it does or not, for the section obviously deals with an offense entirely distinct from that punishable under the false claims statute.

■ The indictment is attacked on the ground that the regulations do not require a statement of the various facts alleged to have been falsified in the affidavits. Paragraph 38 of the regulations requires that "an affidavit in form TG-19 shall be filed with each delivery of gold by persons who have recovered such gold by mining or panning * * *." The regulation does not particularize the information to be included in the affidavit. But form TG-19 in fact requires a statement of all the matters which the indictment charged to be false.

■■ It is claimed that the court erred in refusing to grant appellants' motion for a change of venue from the southern to the northern division of the northern district of California. 28 U.S.C.A. § 114. It is said that all the offenses, except that of conspiracy, were committed in the northern division, for the reason that all of the affidavits were executed there and were presented, with the gold, to a bank in Amador County for transmission to the mint. However, the offenses had their culmination in the southern division, hence were triable there. All of the affidavits were addressed to the Superintendent of the Mint at San Francisco and all were acted upon at San Francisco. Counts 1 to 6 properly alleged that the defendants falsified the facts at San Francisco; and counts 7 to 12 with equal propriety alleged that the affidavits were used and caused to be used by appellants at that place.

■ Appellants moved for a bill of particulars, but there was no error in the denial of the motion. The offenses charged are described with great particularity in the indictment. The precise facts alleged to have been falsified are set out in the indictment and the affidavits themselves are incorporated in the various counts.

■ The evidence was sufficient to warrant the conviction of both appellants. There was proof of circumstances from which the jury might properly infer that the gold was not in fact produced at the mine stated and that appellants themselves did not mine it. Appellants did not take the stand and no evidence was introduced in their defense.

These are the principal matters complained of. Other errors were assigned but we find none requiring a reversal.

Affirmed.