## RUFFINO v. UNITED STATES.

### No. 9391.

*Circuit Court of Appeals, Ninth Circuit.*

Sept. 11, 1940.

Marshall B. Woodworth, of San Francisco, Cal., and S. Luke Howe, of Sacramento, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and W. E. Licking and Thos. C. Lynch, Asst. U. S. Attys., all of San Francisco, Cal. for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant was indicted on three counts purporting to charge violations of the Trading With The Enemy Act, § 5(b), as amended March 9, 1933, 12 U.S.C.A. § 95a, and the Gold Reserve Act of 1934, § 3, 31 U.S.C.A. § 442. He entered a plea of guilty to the first count, the other two being dismissed.

The first count indicates parenthetically the two statutes by their code citations, and proceeds then to charge that appellant "on or about the fifth day of July, 1939, at Sutter Creek, in the County of Amador, within said division and district, said defendant then and there not being a person permitted to acquire gold bullion by any regulation issued by the Secretary of the Treasury and approved by the President of the United States, did then and there wilfully, unlawfully and knowingly acquire certain gold bullion, in quantity particularly described as approximately 78.50 troy ounces of gold bullion, estimated .840 fine."

Judgment of conviction was entered on the plea and appellant was sentenced to serve six months in jail and to pay a fine of $500. His argument here is (1) that the judgment is void for the reason that the Trading With The Enemy Act, as amended, does not make it an offense to acquire gold bullion, and (2) that the Gold Reserve Act of 1934 does not prescribe a criminal penalty. The latter proposition the Government concedes, so that the inquiry now is whether an offense is charged under the earlier act, 12 U.S.C.A. § 95a. So far as pertinent, the statute is shown on the margin.[1]

The Government calls attention to Executive Order No. 6260, following 12 U.S. C.A. § 95 issued by the President August 28, 1933, pursuant to this statute. This order remains extant. Farber v. United States, 9 Cir., 114 F.2d 5, decided July 27, 1940. Section 4 of the order provides that "no person other than a Federal Reserve bank shall after the date of this order acquire in the United States any gold coin, gold bullion, or gold certificates except under license therefor issued pursuant to this Executive order." The same section empowers the Secretary of the Treasury, subject to such further regulations as he may prescribe, to issue licenses for the acquisition of gold coin or gold bullion for named purposes.

By § 13 of the Gold Reserve Act of 1934, 48 Stat. 343, 12 U.S.C.A. § 213, Congress expressly ratified all orders issued by the President under the act of March 9, 1933, including, necessarily, Executive Order No. 6260. Hence we find no difficulty in holding that the order is valid and effective; and as has been seen it prohibits the acquisition of gold bullion except as therein indicated.

While the indictment does not in terms aver that appellant was not within a class excepted by the executive order, it does charge that he was not a person permitted to acquire gold bullion pursuant to Treasury regulation. This language, we think, substantially negatives the possession of a license. The existence of a license was in any event defensive matter and it was not necessary to negative it. Shelp v. United States, 9 Cir., 81 F. 694.

We hold the indictment sufficient to charge an offense denounced by 12 U.S. C.A. § 95a, and by the Presidential order No. 6260.

Affirmed.

MATHEWS, Circuit Judge (concurring in the result).

Upon the authority of Shelp v. United States, 9 Cir., 81 F. 694, 696; Hockett v.

---

[1] "During time of war or during any other period of national emergency declared by the President, the President may, through any agency that he may designate, or otherwise, investigate, regulate, or prohibit, under such rules and regulations as he may prescribe, by means of licenses or otherwise, any transactions in foreign exchange, transfers of credit between or payments by banking institutions as defined by the President, and export, hoarding, melting, or earmarking of gold or silver coin or bullion or currency, by any person within the United States or any place subject to the jurisdiction thereof * * *. Whoever willfully violates any of the provisions of this section or of any license, order, rule or regulation issued thereunder, shall, upon conviction, be fined not more than $10,000, or, if a natural person, may be imprisoned for not more than ten years, or both * * *."

698

United States, 9 Cir., 265 F. 588; Davis v. United States, 9 Cir., 274 F. 928; Petersen v. United States, 9 Cir., 287 F. 17, 21, I hold that an indictment for violating § 4 of Executive Order No. 6260, 31 C.F.R. § 50.4, 12 U.S.C.A. following § 95, need not negative the exceptions therein. Whether, in this case, the indictment did or did not negative the exceptions I think it unnecessary to decide. The judgment should be affirmed.