**UNITED STATES v. SERPICO.**

No. 223.

Circuit Court of Appeals, Second Circuit.

Feb. 26, 1945.

Henry G. Singer, of Brooklyn, N. Y. (Harry Silver, of Brooklyn, N. Y., on the brief), for defendant-appellant.

Mario Pittoni, Asst. U. S. Atty., of Brooklyn, N. Y. (T. Vincent Quinn, U. S. Atty., and Vine H. Smith and Albert V. De Meo, Asst. U. S. Attys., all of Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Before EVANS, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

Defendant's contention that prosecution for possessing and passing counterfeit gasoline ration coupons can be had only under the Second War Powers Act, § 301, 50 U.S.C.A.Appendix, § 633, 2(a) (5), because the violated regulations were issued under that Act, cf. United States v. Randall, 2 Cir., 140 F.2d 70; United States v. Todaro, 2 Cir., 145 F.2d 977, is in substance a claim of repeal pro tanto of the old statute upon which this indictment was actually based. Criminal Code § 28, 18 U.S.C.A. § 72, prohibiting the counterfeiting of any "bond, bid, * * * affidavit, or other writing, for the purpose of defrauding the United States." But implied repeal is not to be had where, as here, there is no repugnancy between the two statutes. United States v. Gilliland, 312 U.S. 86, 95, 61 S.Ct. 518, 85 L.Ed. 598; United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 84 L.Ed. 181. As held in United States v. Raskin, D.C.E.D.N.Y., 52 F.Supp. 343, and United States v. Mullin, D.C.E.D.Mo., 51 F.Supp. 785, forged gasoline coupons come within usual definitions of "other writings" intended to defraud the United States, since it is not necessary to show pecuniary loss to the United States, "impairment of the administration of its governmental functions" being sufficient. United States v. Goldsmith, 2 Cir., 68 F.2d 5, 7, certiorari denied Goldsmith v. United States, 291 U.S. 681, 54 S.Ct. 559, 78 L.Ed. 1068; Johnson v. Warden, 9 Cir., 134 F. 2d 166, certiorari denied 319 U.S. 763, 63 S.Ct. 1320, 87 L.Ed. 1714; Head v. Hunter, 10 Cir., 141 F.2d 449, 451, and cases cited. The requirement of Ration Order No. 5C, § 1394.8004, for endorsement on the coupons of the license number and state of registration of the vehicle for

which the ration is issued, is for purposes of identification and cancellation of the coupons, not for their original validation.

This substantially disposes of the appeal, for the indictment and charge were sufficient, as was the evidence under Counts 1 and 2, where the attacks go only to weight. As to Counts 3 and 4, where the evidence was slighter, the United States does not press for affirmance, since the sentences on the various counts were to run concurrently; the convictions on these counts may therefore be reversed.

Convictions affirmed on Counts 1 and 2 only.