## UNITED STATES v. EISLER.
### No. 376—47.

District Court of the United States for the District of Columbia.

July 3, 1947.

See, also, 75 F.Supp. 640.

William Hitz, Asst. U. S. Atty., of Washington, D. C., for the U. S.

David Rein, of Washington, D. C., and Abraham J. Isserman, of Newark, N. J., and Carol King, of New York City, for defendant.

MORRIS, Justice.

Six motions have been filed by the defendant herein, and a hearing had thereon, and supplemental memoranda filed by counsel for the respective parties.

*Motion to dismiss the indictment.* Count one charges the offense of know-

ingly and wilfully making and using a false affidavit knowing the same to contain fraudulent and fictitious statements in a matter within the jurisdiction of the Department of State of the United States in violation of Section 80, Title 18 U.S.C.A. Count two charges the offense of knowingly and wilfully making and causing to be made false and fraudulent statements and representations in a matter within the jurisdiction of the Department of State of the United States in violation of Section 80, Title 18, U.S.C.A. Count three charges the offense of knowingly making false statements in an application for permission to depart from the United States with intent to induce and secure the granting of such permission in violation of Section 223, Title 22 U.S.C.A. It is alleged in each count that the offense was committed in the District of Columbia. By a supplemental motion for bill of particulars, which will be referred to later in this memorandum, the defendant sought to have the Government furnish certain particulars with respect to the written document which the defendant is charged with having made. Pursuant to this motion, a copy of the written statement and application upon which the indictment is based was furnished to the defendant. Such document shows inter alia that it was signed by the defendant and sworn to by him before a notary public in New York City, which is in the Southern District of New York. It is not disputed that said document was addressed and mailed to and received by the Department of State, Washington, D. C., which is the only office to which such application could be made.

The first ground for the motion to dismiss is that the offense, if any, charged was not committed in the District of Columbia and therefore, this Court has no territorial jurisdiction. Two cases are relied upon by the defendant to sustain his contention that the proper venue and jurisdiction is the Southern District of New York: United States ex rel. Starr v. Mulligan, 2 Cir., 1932, 59 F.2d 200, and United States v. Johnson, 1944, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236. I do not think either of these cases are in point. The one decided in the Second Circuit had to do with a false statement made in connection with an application to the Civil Service Commission, and the offense charged was a violation of what is now Section 80, Title 18, U.S.C.A., before it was amended. The Court held that such section, before its amendment, related only to a fraud against a pecuniary or property interest of the United States and, therefore, no offense under the statute had been committed. The Supreme Court case dealt with a violation of the Federal Denture Act, 18 U.S.C.A. § 420f et seq., which made it an offense to use the mails or any other instrumentality of interstate commerce for the purpose of sending or bringing into a state or territory any denture, the cast of which was taken by a person not licensed to practice dentistry in the state into which the denture is sent. There the denture was put in the mails in Chicago, Illinois, for delivery at Houston, Delaware. Upon an information filed in the District of Delaware, it was held that the offense was complete when the denture was placed in the mails in Chicago and that, therefore, the proper jurisdiction and venue was in the Northern District of Illinois. There the offense was the *use of the mails* in sending the denture. Here the offense charged, as I construe it, is the *use of the alleged false statement or application*, which was not complete until received by and filed in the Department of State in the District of Columbia. The question here involved is, in my view, controlled by the principles dealt with and discussed in Reass v. United States, 4 Cir., 1938, 99 F.2d 752, 755. There an alleged false certificate had been prepared in Wheeling, West Virginia, in the Northern District of West Virginia, and had been taken to Pittsburgh, in the Western District of Pennsylvania, where it was presented to the Federal Home Loan Bank of Pittsburgh, from which a loan was sought. The offense involved was the making of any statement, knowing it to be false, for the purpose of influencing in any way the action of a Federal Home Loan Bank upon any application for a loan. The conviction of the defendant in the Northern Dis-

trict of West Virginia was reversed upon the ground that the offense was committed in the Western District of Pennsylvania. A dictionary definition of the word "make" is referred to in the opinion as "to put forth; give out; deliver; as to make a speech." The Court held that the document, although prepared in West Virginia, did not become an application until lodged with the bank in Pittsburgh. It is true that in that case the defendant personally took the application to Pittsburgh and presented it, and the Court stated it was not called upon to deal with a situation where the application was sent by mail. That distinction, however, can have no effect on the question of whether or not the offense, or part of it, was committed in Pittsburgh in view of the leading case of Palliser v. United States, 136 U.S. 257, 10 S.Ct. 1034, 34 L.Ed. 514, in which it was held that, where an offense is committed by means of a communication through the post office, the sender may be tried and punished at the place where the letter is received by the person to whom it is addressed. Nor is it necessary to go as far as the Court went in the Reass case to sustain the jurisdiction and venue by the Court in the instant case. Even though part of the offense may have been committed in the Southern District of New York, it seems certain that a necessary part of that offense is in the District of Columbia, and hence this Court has jurisdiction and venue under the provisions of Section 103, Title 28 U.S.C.A.[1] Although the question involved in Fuller et al. v. United States, 9 Cir., 1940, 110 F.2d 815, is as to the venue between divisions of the same district, the principles controlling that decision compel the recognition of jurisdiction and venue in the District of Columbia. There an alleged false affidavit was delivered with gold to a bank in Amador County, in the Northern Division of the Northern District of California, for transmission to the mint in San Francisco, in the Southern Division of said Northern District. The Court there held that the false representations were made to the superintendent of the mint at San Francisco, and that the venue properly lay in that division. The motion to dismiss on the ground that this Court has no jurisdiction is denied.

 The second ground for the motion to dismiss is that counts one, two and three of the indictment do not allege different offenses, but allege the same offense in a multiplicity of counts to the prejudice and embarrassment of the defense. The first two counts, as stated, charge a violation of Section 80, Title 18 U.S.C.A. and the third count, as stated, charges a violation of Section 223, Title 22 U.S.C.A. Admittedly, all of the counts are grounded upon the same alleged false statements made in the same document. Section 80, Title 18, deals, among other things, with the making of false and fraudulent statements and representations in matters within the jurisdiction of any department or agency of the United States, or of any corporation in which the United States of America is a stockholder. Section 223, Title 22, deals specifically with making "any false statement in an application for permission to depart from or enter the United States with intent to induce or secure the granting of such permission either for himself or for another." The application upon which all counts of the indictment are grounded is an application for permission to depart from the United States. As I have construed the statutes here involved, as they are applied to the instant case, there must be a transmission to and receipt by the Department of State to constitute an offense under either of said statutes. So construed, and in the light of the facts revealed by the bill of particulars, they are each addressed to the same identical wrongful acts. There is not the situation here as appears to be the case in United States

[1] "Sec. 103. (Judicial Code, section 42.) *Offenses begun in one district and completed in another.* When any offense against the United States is begun in one judicial district and completed in another, it shall be deemed to have been committed in either, and may be dealt with, inquired of, tried, determined, and punished in either district, in the same manner as if it had been actually and wholly committed therein. (R.S. § 731; Mar. 3, 1911, c. 231, § 42, 36 Stat. 1100.)"

v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598, where Section 35 of the Criminal Code, as amended by the Act of June 18, 1934, which is the same as Section 80, Title 18 U.S.C.A. was considered to be "a fitting complement" to the specific act of February 22, 1935, 15 U.S.C.A. § 715 et seq., having to do with the shipment of "hot oil." Here the offense which would have been punishable under the applicable general provision of Section 80, Title 18 U.S.C.A. has later been specifically and particularly defined in Section 223, Title 22 U.S.C.A. and appropriate punishment provided therein. That the latter requires a specific intent "to induce or secure the granting of such permission" does not, in my view, alter the elements necessary to constitute an offense under the general section for the reason that the only general criminal intent would be to induce such action. Obviously, the Congress did not intend that a person should be punished more than once for the same identical wrongful acts. The motion to dismiss counts one and two is granted.

The third ground for the motion to dismiss is that counts one and two of the indictment rely on the provisions of Section 80, Title 18 U.S.C.A. which does not apply to the offense alleged in the indictment. The dismissal of counts one and two of the indictment render further discussion of this ground unnecessary.

■ The fourth ground for the motion to dismiss is that each and all of the counts of the indictment fail to state facts sufficient to constitute an offense. The contention is principally that the alleged false statements were not relevant to and would not have altered the decision of the State Department on defendant's application. It would seem that the information called for was entirely relevant to a determination by the Department on defendant's application, but aside from that, the question of relevancy is not open to one who knowingly makes false statements with intent to mislead the officials of the Government. Kay v. United States, 303 U.S. 1, 58 S.Ct. 468, 82 L.Ed. 607. In this connection, it is further contended that the questions in the application in response to which the alleged false answers were made were not authorized by law. With this contention, I cannot agree. As to counts one and two, disposition has already been made. As to count three, the motion to dismiss on the fourth ground is denied.

■ *Motion for transfer of proceedings to another district.* This motion is made pursuant to the provisions of Rule 21, Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, and upon the grounds (a) that there exists in the District of Columbia so great a prejudice against defendant that he cannot obtain a fair and impartial trial therein and (b) that the transfer of the proceedings to the Southern District of New York is in the interest of justice. As to the first ground, it is stated that, in the proceedings before the House Committee on Un-American Activities, the defendant has been charged and labeled as a Soviet agent and as connected with the widely publicized Canadian atom spy plot, and furthermore that there has appeared in newspapers published in the District of Columbia within recent weeks a number of articles relating to the defendant and his trial and conviction in criminal case No. 219-47. It is further asserted that, because of the large number of government employees in the District of Columbia, many of those called for jury service will be government employees, and that they will be prejudiced against the defendant because of the charge that he is a member of or affiliated with the Communist Party in view of the Executive Order setting forth procedures for the elimination of government employees for disloyalty. In addition to the alleged prejudicial newspaper articles above referred to, other newspaper articles published in the District of Columbia are claimed to be prejudicial to the defendant.

It is the view of the Court that the publication of the newspaper articles referred to were presumably made in newspapers in the Southern District of New York, as well as in the District of Columbia, and they should have no effect upon the trial of the case whether held in the District of Columbia or in the Southern District of New York, and it is not to be assumed that they

will have any. The effect of such published articles or the Executive Order referred to in the motion upon anyone called to serve as a juror in this case is only speculative and cannot be dealt with until an examination of those called for service as jurors reveals whether or not a jury can be secured, no member of which is or is likely to be influenced thereby. For these reasons, the motion for transfer upon the first ground is denied without prejudice to a renewal of the motion on this ground at the trial, if and when it appears that a fair and impartial jury cannot be secured.

█ As to the second ground, it is stated that the transactions and evidence which will be testified to at the trial occurred in large measure in the City of New York, and it is stated that the greater number of witnesses who will testify for the Government reside in or around the City of New York, and that substantially all the witnesses who will be called by the defendant reside in or around the City of New York, and that none of them reside in or around the District of Columbia. It is further stated that two of defendant's three counsel reside in New York City; that, in view of all of these facts, it will be burdensome upon the defendant and cause him an undue expense for the trial to be had in the District of Columbia. From the numerous discussions with counsel for both parties had in connection with the bill of particulars and several supplements thereto, it appears that there will be a substantial number of witnesses other than from and around the City of New York, and the burden upon the defendant and such additional expense to him as would result from the trial of the case in the District of Columbia do not seem to be such as to justify the Court in transferring the cause upon this ground to the Southern District of New York. The motion to transfer the proceedings upon this ground is also denied.

*Motion for bill of particulars.* Pursuant to an indication by the Court at the hearing of this motion on June 19, 1947, particulars were furnished on June 23rd respecting the matters referred to in the motion. Following a conference of counsel for both parties with the Court in chambers, held June 24th, further particulars were furnished by the Government on June 26th with respect to certain of the matters referred to in the motion, and a supplemental bill of particulars was filed. A further conference was had on June 27th, following which, on June 28th, still further particulars were furnished respecting said matters, and the same stated in a second supplemental bill of particulars filed July 1st. On the evening of July 1st, following a further conference had that day, further particulars principally respecting the use of three of the alleged aliases, Gerhart, Edwards and Brown, were furnished orally, which have been incorporated in a third supplemental bill of particulars, filed July 2nd. The motion for bill of particulars is, therefore, granted in so far as such particulars are set forth in the original and supplemental bills of particulars, and otherwise denied.

*Supplemental motion for bill of particulars.* This motion seeks a bill of particulars respecting the execution by the defendant of the application for the alien departure permit, the making of the oath to the same, and the filing thereof. At the hearing of this motion, the Government agreed to furnish to the defendant a copy of the application for the alien departure permit upon which the indictment is based, and the defendant by counsel stated that such copy would afford him the particulars desired. There is, therefore, no occasion to take further action on this motion.

*Motion for leave to take depositions and for issuance of commissions.* This motion showed the necessity of taking the depositions of Ferruccio Marini, Florence, Italy, Adolf Deter, Berlin-Pankow, Germany, and Ernst Kruger, Berlin, Germany. To avoid delay incident to the taking of such depositions, the Government and the defendant have entered into stipulations as to what such witnesses would testify to if present at the trial. There is, therefore no occasion to take further action on this motion.

█ *Motion for continuance.* At the hearing of this motion, and upon the showing made, the Court granted a continuance from the 25th day of June, the date which had been set for trial, to the 7th day of July. At the conference held July 1st,

counsel for defendant stated that a further continuance was needed, and that a formal motion would be filed, which has been done. The principal ground for the last motion is that final particulars have not been furnished the defendant within time to enable him to properly prepare for trial. While it is true that certain of the particulars, principally further identifying the time, place or occasion of the use of the three aliases, Gerhart, Edwards and Brown, were not stated until the conference last referred to, much of the information respecting all of the matters as to which particulars were originally sought were furnished prior thereto. In view, however, of the fact that certain of the particulars last referred to were not furnished until July 1st, the trial date is continued from July 7th to July 9th. If, upon the conclusion of the Government's evidence, a recess of a few days is then necessary to enable the defendant to secure material witnesses, an asking with appropriate showing can then be made. The motions for continuance are granted to the extent stated, and otherwise denied.