## UNITED STATES v. EISLER.

### Cr. No. 376–47.

District Court of the United States for the District of Columbia.

Feb. 2, 1948.

William IIitz, Asst. U. S. Atty., for the U. S.

David Rein, of Washington, D. C., and Abraham J. Isserman, of Newark, N. J., and Carol King, of New York City, for defendant.

MORRIS, Justice.

The defendant was indicted in three counts for alleged false and fraudulent statements made by him in an application to the Secretary of State for an alien departure permit. Upon appropriate motions, the first two counts, which charged a violation of Section 80, Title 18 U.S.C.A., the statute covering in general false and fraudulent statements, were dismissed, and bills of particulars were required and furnished with respect to certain of the allegations in the third count, which charged a violation of Section 223, Title 22 U.S.C.A., the statute specifically making it a crime "knowingly to make any false statement in an application for permission to depart from * * * the United States with intent to induce or secure the granting of such permission." The defendant was tried upon the third count and found guilty. The trial commenced July 14, 1947, and concluded August 15, 1947. The transcript of the proceedings numbered 4004 pages, and the number of exhibits is ninety-one. Subsequently motions were made on behalf of

the defendant in arrest of judgment, for new trial, and for judgment not withstanding the verdict. A hearing was had upon said motions on October 30, 1947, and memorandum brief was filed on behalf of the defendant. Thereafter government counsel were requested to furnish a memorandum in reply to the discussion in defendant's memorandum brief with respect to one of the grounds which will hereinafter be discussed. Such memorandum was received December 1, 1947, to which defendant's counsel made reply, which was received December 16, 1947.

Some of the grounds upon which the motions are based are those considered upon the motion to dismiss the indictment and discussed in my memorandum dated and filed July 3, 1947, 75 F.Supp. 634. The remaining grounds were treated, both in oral argument and in memorandum briefs, under an arrangement of subjects somewhat different from the statement of grounds in the motions. For convenience, the discussion here will follow generally the grouping of grounds used in argument.

I. The defendant insists that he was prejudiced and deprived of a fair trial because of alleged prejudicial and inflammatory statements made by government counsel, and by alleged inflammatory questions asked by government counsel in the presence of the jury. Each of the instances cited by defendant has been carefully considered. Although certain statements were made by counsel during the protracted trial and certain questions were asked by counsel, which were not considered proper, in my judgment, nothing occurred in the presence of the jury sufficient to divert the minds of the jury from the essential issues of the case, nor to cause them to reach a verdict induced by anything other than a calm and deliberate consideration of the evidence germane to those issues.

■■■ II. The defendant complains that the court was in error with respect to the admission of certain evidence tending to prove membership in or affiliation with the Communist Party when no specific bill of particulars had put the defendant on notice as to the times and places thereof. Bills of particulars had been required and

furnished with respect to the times and places of the use of certain names other than Gerhart Eisler, stating that such names at such times and places were used in connection with communist activities. When the court, therefore, restricted the Government in its evidence respecting membership in or affiliation with the Communist Party to such occasions as had been identified in connection with the use of the names, which were particularized, it was, and is now, considered to be in the interest of, and not prejudicial to, the defendant. All evidence of the so-called Communist International which came into the case, and much was excluded, was simply explanatory of and incidental to testimony and evidence properly admitted. Repeatedly throughout the trial it was emphasized by the court, and I am confident understood by the jury, that the existence or non-existence of the Communist International was in no sense an issue in the case. In these circumstances, I cannot see that it was prejudicial to deny leave to take the depositions in foreign countries, which was asked during the course of the trial, with respect to the existence and character of the Communist International.

■■■ III. The defendant asserts that all government employees should have been excluded from the jury in this case, and that the failure so to do prevented him from securing a fair trial. This contention is based primarily upon the proposition that government employees were subject to investigation and separation from the service for communist affiliation or sympathy. Great care was exercised in the choice of the jurors to determine whether or not this policy of the Government would have any effect upon the action of each one selected, and it definitely and affirmatively appeared that no government employee selected would consider himself or herself in any jeopardy with respect to employment because of any action taken as a juror in this case, and that they would entertain no prejudice against the defendant, if it were shown that he was a member of or affiliated with the Communist Party, which would prevent any one of them from acting as a fair and impartial juror. In these circumstances, it would be unfair and arbi-

trary to impute such prejudice or fear on the part of those members of the jury who were government employees, and there is no ground for so doing.

IV. The defendant asserts that the court erred in refusing to take certain issues from the jury. I agree with the defendant that, if there was no evidence sufficient to sustain a verdict of guilty on any one of the several matters charged in the indictment, such matter should have been withdrawn from the jury's consideration. Of course, this does not mean that the verdict is invalid in the event the jury did not agree that the defendant was guilty of every one of the matters considered by them. In my view, there was sufficient evidence to submit all of such matters to the jury. I cannot agree with the defendant that there was a fatal variance between the indictment and the bills of particulars with respect to the Communist Party; nor can I agree with the contention made that the term "affiliation" was such that the defendant could not reasonably be expected to know that his association and activities with the Communist Party in the several countries charged, with the exception of Germany, in which country he was a member, constituted affiliation. I cannot agree with the defendant's contention that the evidence was such that the jury must conclude that his failure to state his residence in the United States during the years 1935 and 1936 was due to a reasonable misinterpretation of the meaning of the term "residence" or "reside." The comment in defendant's memorandum brief with respect to what the defendant terms "a ruling that the jury could find residence even if the defendant had stayed only one day in a place (R. 3739-3740)" lifts a statement made by the court, not in the presence of the jury, completely out of its contextual relation to activities of the defendant at such place, which should be revealed. I do not consider the actual instructions, taken as a whole, given to the jury respecting residence to be improper. The defendant did treat his presence in other countries during such period as residence. There was sufficient evidence, in my opinion, to submit to the jury the question of the use by the defendant of the several names charged in the indictment.

V. With respect to the contention of the defendant that the records and testimony concerning records of World Tourists, Inc., were erroneously admitted in evidence because they were not identified and corroborated by the party who made the entries, I am of the opinion that they were shown to have been kept as a current record of such corporation, and that, where part of such records were no longer in existence, the secondary evidence with respect thereto was properly admissible. I think this is particularly so where the original records, as to which the secondary evidence was admitted, had originally been produced by an official of the corporation pursuant to a subpoena duces tecum therefor.

VI. The defendant complains that the evidence of a previous false statement to the immigration authorities concerning his membership in the Communist Party was improperly admitted. The same complaint is made with respect to an alleged false statement in an application filed in 1942. This evidence is considered admissible because of its substantially indentical character to one of the charges involved in this case, and its evidentuary value in showing knowledge of falsity of the statement here involved.

VII. The defendant insists that none of the alleged misstatements charged in the indictment were material to a decision of the State Department to grant or deny the application to depart. Three general grounds are stated for this contention:

1. The defendant was not required under the regulations to file an application for a permit to depart in that (a) he was exempted under the terms of the regulations as an alien who had entered the United States with limited entry certificate, and who was to depart from the port through which he entered within the limits of the period for which he was admitted, and (b) that he was exempted under the terms of the regulations as an alien ordered deported from the United States.

2. The answers to the questionnaire which the Government contends the defendant should have given did not, under the applicable regulations, bring the defendant within any of the categories of aliens who would be denied a permit to depart in that the Presidential Proclamation, pursuant to which the regulations were promulgated, empowered the Secretary of State to declare the circumstances under which the departure of any alien would be prejudicial to the interests of the United States, and the regulations thus promulgated sets forth seven categories of aliens not entitled to depart. It is the contention of the defendant that, if all of the evidence introduced by the Government were true, it would not have placed the defendant within any of the categories of aliens who should be denied exit permits.

3. The State Department, having in its possession all the information which the Government contends the defendant concealed, nevertheless granted a permit to depart. In connection with this, it is stated that, since the State Department, with full knowledge of the facts allegedly concealed by defendant, granted a permit to depart and found that defendant's departure was "in the interest of the United States," the Government cannot now contend that the concealment of these facts were material, or that the departure of the defendant would have been "prejudicial to the interests of the United States."

▇▇ Both the first and second grounds enumerated above were considered in connection with the motion to dismiss the indictment decided before the trial. It will suffice here to say, respecting the first ground, that one cannot choose to apply for a departure permit by application in which he makes false statements, and, in defense of a prosecution for having made such false statements, say that he could have proceeded differently to secure permission to depart. Respecting the second ground, it is beside the point to say that the information concealed by the defendant, when revealed, does not place him within one of the seven categories of aliens whose departure, according to the regulations promulgated by the Secretary of State, would be prejudicial to the interests of the United States. The critical question here is whether or not such information was material to a proper consideration of the application and investigation of the applicant in order to determine whether or not the defendant came within one or more of the seven categories, and whether on not such concealments by false statements were made with the intent to secure a departure permit. In the views which are here stated, I cannot hold that the concealments charged in the indictment were immaterial as a matter of law.

▇ The third ground has required close analysis and extended consideration. It was with respect to this question that I requested the supplemental memorandum briefs referred to above. In my view the Congress intended the statute here applicable to be reasonably construed and applied. I cannot believe that the omission to state obviously immaterial matters was intended to be made an offense. I, therefore, deemed it proper for the jury to determine, under appropriate instructions, whether or not the defendant made the false statements which were charged, and whether such statements were such as would reasonably induce the granting of the departure permit when the statement of the truth would reasonably do otherwise. These instructions were, of course, amplified, and specific instructions were given respecting the necessary element of intent expressly required by the statute. I am still of the view that these questions in the circumstances of this case were proper ones for the determination by the jury from the evidence in the case. It was my ruling, however, and I believe it is correct, that, in the consideration and determination of these questions the jury should have evidence of what action was taken by the responsible official or officials of the State Department on the application, and that they were entitled to give such weight as they thought it should have to such action; but I do not believe that the State Department's action was controlling upon the action of either the jury or the court.

On July 31, 1946, the following notice was sent to the defendant:

"Department of State
Washington
July 31, 1946

No. 22154

Sir:

You are hereby informed that the Department has passed upon your application for permission to depart from the United States. It will be necessary to furnish the Department with the date and port of your departure, so that the departure control officer may be notified of your intention.

G. J. Haering
Chief of Visa Division."

There can hardly be any doubt that, when this notice was sent to the defendant, which was tantamount to an approval of the application, the Department of State had substantially all, if not all, of the critical information which the defendant is charged with having concealed. Subsequently, when the defendant was about to depart, the permit was either denied or revoked. There is no satisfactory explanation in the record as to why this action was taken, and for that matter the testimony of the witness to whom had been delegated the authority to act was confused and conflicting respecting the issuance of the notice above quoted. There was testimony to the effect that the notice had no relation to the application of the defendant upon which the indictment is based, even though it bears the same file number. There was testimony by the same witness to the effect that he had the authority to and did waive the filing of an application for a departure permit by the defendant, and there is further testimony by the same witness that the notice above quoted was issued pursuant to a joint request by a number of persons, of whom the defendant was one, to leave the United States under regulations other than the ones here involved. Undoubtedly, the State Department was the authority to determine whether or not the defendant should be permitted to depart the United States. Its action, as I have said, was relevant to the materiality of the concealments here involved, but it is not the final authority to determine whether such concealments would reasonably induce the granting of the departure permit and were falsely made with that intent. When a prosecution has been instituted, such question, in the circumstances of this case, is to be determined by the jury under appropriate instructions of the court. I, therefore, reach the conclusion that the action of the State Department does not go to the validity of the verdict. Of course, just as the jury had a right to consider the State Department's action in this matter in reaching its verdict, so the court should consider it in determining the degree of punishment that should be visited upon the defendant.

VIII. The defendant asserts that the indictment and the underlying questionnaire are fatally ambiguous, and that the conviction of the defendant for failure to answer such ambiguous questions is repugnant to the due process clause of the Constitution. Amendment 5. Giving the applicable statute and the questions asked of the defendant pursuant thereto a reasonable interpretation, I do not think there is the ambiguity complained of. The construction placed upon the statute and the questions asked pursuant thereto is reflected in the instructions given to the jury. In substance it was that, in determining what information the defendant was required to give responsive to the questions asked, they were to adopt a common sense approach and determine what answers an ordinarily reasonable man would be expected to give to such questions. They were instructed:

"An applicant is required in making answers to the questions in the application to give all information responsive to such questions which, with any supplemental information called for, or investigation on the part of the authority acting upon said application will acquaint such authority with the material activities of the applicant which would reasonably affect that authority's decision on the application.

"To do this, he is required to reveal the name or names by which he was known or used in such material activities, the organizations of which he was a member or with which he was affiliated in carrying on such material activities and the place or places he has been within a period of ten years prior to the filing of the appli-

cation in which he has carried on such material activities.

"In considering the answers made by this defendant to the several questions of the application here involved you should consider the facts and circumstances surrounding the defendant's alleged membership or connection with organizations, the alleged use of names not revealed by his answer and the alleged failure to state places of residence in order to determine whether or not, considering all of the facts and circumstances in the light of all of the evidence such answers have been false or substantially true, bearing in mind the instructions which the Court has given you with respect to the materiality of any alleged false statement.

"In considering what organizations, groups, societies, clubs or associations should be listed in response to Question 23, you may consider the character of such organization, group, society, club, or association, the length of time during which a person belonged to or was affiliated with, or how recent was the membership in or affiliation with such organization, group, society, club, or association.

"In considering what names the applicant should list in answer to Question 18 the jury should consider the character of the use, the circumstances under which the name was used, the extent and purpose, and how long ago.

"Finally, you should consider in determining what information was required to be furnished in answer to any of these questions the purpose of such questions, what bearing the answers to such questions might reasonably be expected to have on the decision of the State Department to grant or deny permission to depart."

IX. The defendant insists that he cannot be constitutionally convicted for his failure to disclose his political affiliations. Whatever may be the constitutional questions concerning the right to require a person to reveal his membership in or affiliation with the Communist Party in other circumstances and situations, I do not consider that requirement with respect to this defendant, in the situation here involved, to be in violation of the First Amendment of the Constitution. Here there is no interference with the right of the defendant to be a member of or affiliated with such party. It is simply a matter of identification of the defendant which would reasonably enable a more complete investigation to be made by the authority acting upon the application. Indeed, if the evidence in the case is to be believed, much of his activities, both in the United States and abroad, was so directly related to his membership in and affiliation with the Communist Party that it would be a wholly inadequate identification of him without mention of such party. One is not ordinarily required to reveal either his political or religious views or beliefs, but it is not difficult to suppose that there are many situations in which a person, to adequately identify himself, would be required to reveal that he is engaged in some political or even religious activity. I cannot agree that such requirement, if without any coercive purpose or effect upon his beliefs, would be in violation of the First Amendment.

While it is evident that there are some substantial questions of law here involved, for the reasons stated, the motions will be denied, and the case is referred for presentence investigation of the defendant.