## UNITED STATES v. O'TOOLE et al.
### No. 6226.

United States District Court
D. Rhode Island.
May 23, 1951.

124

George F. Troy, U. S. Atty., Joseph L. Breen, Asst. U. S. Atty., of Providence, R. I., and Fred B. Smith, Office of the General Counsel, Treasury Department, Washington, D. C., for government.

William S. Flynn, Christopher J. Brennan, Joseph H. Coen, Edmund Wexler, Joseph B. Carty, all of Providence, R. I., and Mordecai M. Merker, New York City, for defendants.

HARTIGAN, Circuit Judge.[1]

This matter was heard on the defendants' motions to dismiss the indictment.

The indictment charges violations of 18 U.S.C. § 371, 31 U.S.C.A. §§ 440, 441, 442, 443; 18 U.S.C. §§ 494, 1001, and alleges in substance that on or about July 1, 1949 and continuously thereafter up to and including February 1, 1950 at Providence, in said district, the defendants unlawfully, wilfully and knowingly conspired to com-

1. Designated to hold District Court in District of Rhode Island.

mit offenses against the United States, to wit, to violate Title 31 U.S.C.A. §§ 440–443, Title 18 U.S.C. §§ 494 and 1001 and the regulations promulgated thereunder and to defraud the United States in the exercise of its governmental functions of regulating the value of money, stabilizing the exchange value of the dollar, and regulating and controlling the acquisition, holding, holding in custody, transporting, melting and treating, importing, exporting or earmarking of fine gold for industrial, professional and artistic use, and for other purposes in that the defendants, without a license issued pursuant to and under the authority of 31 U.S.C.A. §§ 440–443 or the Gold Reserve Act of 1934 and the rules and regulations duly issued and promulgated pursuant thereto, would acquire, hold and dispose of, at any one time, fine gold in quantities in excess of 35 troy ounces from duly licensed gold refiners and suppliers of gold doing business in the City of Providence; that it was part of the conspiracy that O'Toole would acquire from Christopher Catanzaro, d/b/a Catamore Jewelry Company, a license to purchase fine gold, which license had been issued to Catamore by the United States Assay Office at New York, authorizing the purchase of gold in the amount of 50 troy ounces and that O'Toole would then fraudulently mutilate and alter said license so as to read 250 troy ounces instead of 50 troy ounces, and that O'Toole would then purchase in the name of Catamore quantities of fine gold in excess of 35 fine troy ounces from said sources of supply; that after O'Toole would acquire fine gold in quantities, at any one time, in excess of 35 troy ounces as well as quantities of 35 troy ounces and less, from said sources of supply and in the name of Catamore, that he would not use or cause to be used said fine gold so acquired for and in behalf of said licensee for the use permitted by said statutes and regulations and the license issued to Catamore, but would divert and clandestinely dispose of the same, without holding a license so to do from the United States Mint or Assay Office; that all the defendants would purchase and acquire fine gold in quantities, at one time, in excess of 35 troy ounces as well as in quantities of 35 troy ounces and less, from said sources of supply, representing that they would use said fine gold for the use permitted by statutes and regulations and license, but would divert and clandestinely dispose of the same without holding a license so to do from the United States Mint or Assay Office; that O'Toole would file an application with the United States Mint or Assay Office, representing that he required a license for the purpose of casting religious articles, etc. and that he would use all fine gold in fabricating such articles and that as a result of such application and in reliance upon the statements made by him, a license should be issued by the United States Assay Office and that he would acquire gold from said sources of supply by presenting such license, but that he would not use or cause to be used said fine gold so acquired for the use permitted by said statutes and regulations and the license issued to him, but would divert and clandestinely dispose of the same and that the defendants, pursuant to said conspiracy, committed various alleged overt acts.

The motions to dismiss allege in substance that the indictment does not state facts sufficient to constitute an offense against the United States or to sustain a charge that the defendants conspired to defraud the United States or any agency thereof; that it is vague, ambiguous and uncertain and fails to allege sufficient facts; that it fails to allege any offense of a character which may be lawfully prosecuted by criminal proceedings or an offense against a criminal law of the United States; that it is duplicitous in that it purports to charge more than one offense in one count; that it fails to set forth clearly, fully and with sufficient certainty the means or purpose of the purported conspiracy; that it is insufficient in law in that it purports to charge a conspiracy in violation of Title 31 U.S.C.A. §§ 440–443 and the rules and regulations duly issued and promulgated pursuant thereto for which there is no criminal punishment provided for by law; that it is insufficient in law in that it purports to charge a conspiracy to commit an offense against the United States and to defraud

the United States in violation of Title 18 U.S.C. § 494 but does not set forth any facts to properly charge an offense under § 494 and fails to set forth any overt act in effecting the object of the conspiracy as required by law; that it is insufficient in that it purports to charge a conspiracy against the United States and to defraud the United States in violation of Title 18 U.S.C. § 1001 but does not set forth any facts to state a violation of § 1001 and fails to set forth any overt act in effecting the object of the conspiracy as required by law; that it is defective and invalid in that Title 31 U.S.C.A. §§ 440-443 upon which it is founded constitutes an unlawful delegation of legislative power to the Secretary of the Treasury with the approval of the President in violation of Article 1, Section 1, of the Constitution of the United States; that it does not identify or set forth with sufficient certainty the specific rules or regulations or sections or parts thereof that defendants are alleged to have conspired to violate; that it does not show that the grand jury was duly sworn; that it does not set forth that the acts constituting the alleged crime were feloniously done; that it is vague, etc., and does not inform defendants as required by Article VI of the Amendments to the Constitution of the United States; that it is insufficient because the allegations of fact are so uncertain, insufficient and ambiguous that defendants would not be able to plead the judgment therein in bar in another prosecution for the same offense; that it is insufficient in law in that it alleges that the defendants conspired to defraud the United States in the exercise of its governmental function of regulating the value of money, etc. but nowhere does it allege in what way the United States was or would be defrauded by the alleged acts of the defendants or in what way the alleged acts of the defendants did or would interfere with the governmental function above alleged; that it is insufficient in law in that it alleges that the defendants conspired to defraud the United States in the exercise of its governmental function of regulating the value of money, etc. but fails to set forth sufficient facts constituting the offense or to allege an overt act to effect the object thereof; that it is insufficient in law and repugnant in that it charges the defendants would acquire gold in amounts under 35 troy ounces and over 35 troy ounces without a license therefor whereas no license was required to acquire gold in amounts under 35 troy ounces; that it does not set forth a plain statement as required by rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., and the Fifth and Sixth Amendments of the Constitution of the United States.

The obstruction of a governmental function by such means as alleged in the indictment is a fraud within the meaning of the statute and "It is not necessary to allege or show that there was a loss in the transaction." Hills v. United States, 9 Cir., 97 F.2d 710, 713.

The defendants have not established that the Gold Reserve Act of 1934 is unconstitutional. The defendants contend it is an unlawful attempt to delegate legislative power to the Secretary of the Treasury. Sufficient standards appear to be set up under said Act. See Uebersee Finanz-Korporation, Etc., v. Rosen, 2 Cir., 83 F.2d 225, certiorari denied 298 U.S. 679, 56 S.Ct. 946, 80 L.Ed. 1400. See also Hills v. United States, supra.

The defendants' contention that the indictment does not show that the grand jury was sworn relates to form and is without merit. See Rule 7(c), Federal Rules of Criminal Procedure; United States v. Agnew, D.C., 6 F.R.D. 566.

Felonious intent is no part of the statutory description of the conspiracy charged and it is unnecessary to allege that the conspiracy was feloniously entered into. Bannon and Mulkey v. United States, 156 U.S. 464, 15 S.Ct. 467, 39 L.Ed. 494. See also Welch v. Hudspeth, 10 Cir., 132 F.2d 434.

The number of rules and regulations which the defendants are alleged to have violated need not be set forth. See Hammer v. United States, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118; Holmes v. United States, 8 Cir., 134 F.2d 125, certio-

rari denied 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722.

In Enrique Rivera v. United States, 1 Cir., 57 F.2d 816, 819, 820, the court said:

"An indictment is sufficient that charges a statutory crime substantially in the words of the statute. Jelke v. United States [7 Cir.] 255 F. 264. A crime which is the object of the conspiracy need not be described with the same particularity in the indictment for conspiracy as in an indictment for such crime itself. Ford v. United States [9 Cir.] 10 F.2d 339; Taylor v. United States [7 Cir.] 2 F.2d 444, 446; Rulovitch v. United States [3 Cir.] 286 F. 315; Anderson v. United States [8 Cir.] 260 F. 557.

\* \* \* \* \* \*

"The means by which the object of the conspiracy is to be attained need not be set out in detail. Houston v. United States [9 Cir.] 217 F. 852, 857. It is sufficient if an indictment contains a general description of the means by which the object is to be attained. Perrin v. United States [9 Cir.] 169 F. 17, 21; United States v. Benson [9 Cir.] 70 F. 591, 596.

\* \* \* \* \* \*

"In general, an indictment must contain sufficient allegations to inform the accused of the nature of the offense and sufficiently apprise him of the charges against him so that he may properly prepare his defense, and, if convicted, the judgment rendered will be a bar to another prosecution for the same offense. Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 480, 40 L.Ed. 606; Lund v. United States [8 Cir.] 19 F.2d 46."

I find no merit in the contention that paragraphs 1 and 4 of the indictment are repugnant. A reading of the indictment together with the Gold Regulations (31 CFR Part 54) makes this clear.

There is no merit in the defendants' contention that the term "other writing" in 18 U.S.C. § 494, does not include a document such as a government gold license. See United States v. Serpico, 2 Cir., 148 F.2d 95.

In Bergen v. United States, 8 Cir., 145 F.2d 181, 187, 188, the court said: "An essential element of the crime denounced by the statute is an intent to commit a crime against the United States or to defraud the United States. It is not necessary to a conviction of a party to the conspiracy that he perform any overt act, or that the conspiracy succeed. Conviction may rest on proof of the doing of any overt act by any of his co-conspirators for the purpose of effecting the object of the conspiracy, and it is not necessary to conviction that the overt act in itself be one prohibited by law. \* \* \*"

The indictment is not duplicitous. A conspiracy is charged and it is not improper to allege numerous overt acts. The Supreme Court said in Frohwerk v. United States, 249 U.S. 204, 209, 210, 39 S.Ct. 249, 252, 63 L.Ed. 561: "\* \* \* Countenance we believe has been given by some Courts to the notion that a single count in an indictment for conspiring to commit two offences is bad for duplicity. This Court has given it none. Buckeye Powder Co. v. E. I. DuPont Powder Co., 248 U.S. 55, 60, 61, 39 S.Ct. 38, 63 L.Ed. 123; Joplin Mercantile Co. v. United States, 236 U.S. 531, 548, 35 S.Ct. 291, 59 L.Ed. 705. The conspiracy is the crime, and that is one, however diverse its objects. \* \* \*"

The indictment is not vague, indefinite, ambiguous or uncertain.

In Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 71 L.Ed. 545, the court said: "\* \* \* It is well settled that in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, \* \* \* or to state such object with the detail which would be required in an indictment for committing the substantive offense, \* \* \*. In charging such a conspiracy 'certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is' necessary. \* \* \*

That this requirement was complied with in the present indictment is clear. * * "

 The Supreme Court said in United States v. Hutto, No. 1, 256 U.S. 524, 528, 529, 41 S.Ct. 541, 543, 65 L.Ed. 1073: "Nor can we sustain the other ground upon which it is contended the demurrers were well taken. Section 37, Criminal Code, is violated by a conspiracy 'to commit any offense against the United States,' accompanied or followed by an overt act done to effect the object of the conspiracy. It does not in terms require that the contemplated offense shall of itself be a criminal offense; nor does the nature of the subject-matter require this construction. A combination of two or more persons by concerted action to accomplish a purpose either criminal or otherwise unlawful comes within the accepted definition of conspiracy. Pettibone v. United States, 148 U.S. 197, 203, 13 S.Ct. 542, 37 L.Ed. 419. The distinction between a conspiracy and the contemplated offense that forms its object has often been pointed out. United States v. Rabinowich, 238 U.S. 78, 85, 86, 35 S.Ct. 682, 59 L.Ed. 1211, and cases cited. And we deem it clear that a conspiracy to commit any offense which by act of Congress is prohibited in the interest of the public policy of the United States, although not of itself made punishable by criminal prosecution, but only by suit for penalty, is a conspiracy to commit an 'offense against the United States' within the meaning of section 37, Criminal Code, and, provided there be the necessary overt act or acts, is punishable under the terms of that section." See Fuller v. United States, 9 Cir., 110 F.2d 815, certiorari denied 311 U.S. 669, 61 S.Ct. 29, 85 L.Ed. 430.

In Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 706, 95 L.Ed. 886, the Supreme Court said: " * * * it can be concluded that fraud has consistently been regarded as such a contaminating component in any crime that American courts have, without exception, included such crimes within the scope of moral turpitude. It is therefore clear, under an unbroken course of judicial decisions, that the crime of conspiring to defraud the United States is a 'crime involving moral turpitude.' "

All of the defendants' contentions are without merit and the indictment, in my opinion, is sufficient.

The defendants' motions to dismiss, therefore, are denied.