**UNITED STATES v. BARRIOS et al.**

United States District Court
S. D. New York.

Jan. 29, 1952.

808

Myles J. Lane, U. S. Atty., New York City, Leonard Maran, Asst. U. S. Atty., New York City, of counsel, for U. S.

Muccia & Muccia, New York City, for defendant Manuel Barrios.

Simon Klein, New York City, for defendant Warren L. Knotts.

Edward Halle, New York City, for defendant Luther Joseph Wiesner.

SUGARMAN, District Judge.

The defendants were indicted for conspiring (1) "to commit offenses against the United States, to wit: to violate Title 31, §§ 440, 441, 442 and 443 of the United States Code, and the regulations (commonly known as the "Gold Regulations"). issued and promulgated thereunder, and to defraud the United States in the exercise of its governmental functions of regulating the value of money * * * ", and (2) to acquire excess quantities of gold and to divert and dispose of the same without an appropriate license.

The defendants move to dismiss the indictment contending that it fails to state a crime under 18 U.S.C.A. § 371. The defendants urge that 18 U.S.C.A. § 371 now declares criminal only those conspiracies which have for their object the commission of a crime.

Under old 18 U.S.C.A. § 88, from which present 18 U.S.C.A. § 371 was drawn, such contention would be invalid.

United States v. Hutto, 256 U.S. 524, 41 S.Ct. 541, 65 L.Ed. 1073, held that a conspiracy *to commit an offense* against the United States was a crime notwithstanding that the offense itself be not criminal. See United States v. Cohn, 270 U.S. 339, 46 S.Ct. 251, 70 L.Ed. 616, to the effect that a conspiracy *to defraud* the United States in any manner and for any purpose constituted a crime notwithstanding that the fraud itself was not criminal.

The defendants urge that the inclusion of the second paragraph in 18 U.S.C.A. § 371 swept away the rules of the Hutto and Cohn cases. This paragraph limited the penalty for a conspiracy to commit a misdemeanor to that of the misdemeanor itself, and eliminated the previous anomaly that a conspiracy to commit a misdemeanor was punishable as a felony.

If the Congress had intended the result urged by the defendants, it would have indicated such intent, particularly when it recast the section to reduce the penalty for a conspiracy to commit a misdemeanor. This it did not do. In view of this congressional silence a court cannot ascribe to the limited change made in § 371 the sweeping effect urged by the defendants. On the contrary, the Congress apparently manifested an intent not to change the law when it broadened the crime of conspiracy to include not only offenses against the United States or the defrauding of the United States, but also "any agency thereof".

A conspiracy to violate the Gold Reserve Act, constituting a crime prior to the enactment of 18 U.S.C.A. § 371 [1], it constitutes a crime subsequent thereto [2]

Motion denied.

---

1. United States v. 71.41 Ounces Gold Filled Scrap, 2 Cir., 1938, 94 F.2d 17; Matthews v. Correa, 2 Cir., 1943, 135 F.2d 534.

2. Application of Rosenberg, D.C.E.D.N.Y. 1950, 94 F.Supp. 336; United States v. O'Toole, D.C.R.I.1951, 101 F.Supp. 123.