## UNITED STATES of America
v.
CATAMORE JEWELRY COMPANY–a corporation–
Robert J. O'Toole, President.

Edmund M. Squire, doing business as Rhode Island Casting Company and Theodore Trock, alias John Doe.
### No. 6285.

United States District Court
D. Rhode Island.
Sept. 30, 1954.

---

6. Note (1), supra.

7. 8 U.S.C.A. § 1446(d) ; Petition of ZELE, 2 Cir., 127 F.2d 578, 580.

Jacob S. Temkin, U. S. Atty., Henry R. DiMascolo, Asst. U. S. Atty., Providence, R. I., for plaintiff.

Abraham Belilove, Providence, R. I., Atty., for Catamore Jewelry Co. and Robert J. O'Toole, President.

Edmund M. Squire, New York City, pro se.

DAY, District Judge.

The indictment involved herein consists of eleven counts. The first count alleges that from on or about July 1, 1949 to and including February 1, 1950, the corporate and three individual defendants wilfully and knowingly conspired to commit offenses against the United States and to defraud the United States and agencies thereof, to-wit, to violate Title 12 U.S.C.A. § 95a, Executive Order No. 6260, as amended, 12 U.S.C.A. § 95a note, Title 18 U.S.C.A. § 1001, Title 31 U.S.C.A. § 440 et seq. and 31 Code of Federal Regulations 50.1 et seq.

Counts 4 and 11 are substantive counts charging the defendants with violations of Title 18 U.S.C.A. § 1001 in that they made and caused to be made false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the Department of the Treasury in order to secure gold bullion from a supplier of gold bullion duly licensed by the Department of the Treasury.

The remaining counts are likewise substantive counts charging the defendants with violations of Title 12 U.S.C.A. § 95a and Executive Order No. 6260, as amended, which prohibit, among other acts, the acquisition or possession of gold bullion without a license duly issued by the Department of the Treasury except in the cases of persons requiring gold in their industry, profession, or art in which cases a limited amount may be purchased without a license to replenish their stocks.

The defendants, Catamore Jewelry Company, Robert J. O'Toole and Edmund M. Squire, have moved to dismiss the in-

dictment. Their motions to dismiss although not identical urge in substance the following grounds for its dismissal, viz.: (1) that the indictment fails to allege facts constituting an offense against the United States, (2) that it is duplicitous in that it purports to charge more than one offense in a single count, (3) that it fails to allege that the defendants made any false, fictitious or fraudulent statements to any officer, employee or agency of the United States and (4) that Title 12 U.S.C.A. § 95a, Title 12 U.S.C.A. § 213 and Title 31 U.S.C.A. § 440 et seq. are unconstitutional.

As to Count 1 insofar as it purports to charge a conspiracy to violate the provisions of Title 12 U.S.C.A. § 95a and Executive Order No. 6260, as amended, and as to Counts 2, 3, 5, 6, 7, 8, 9 and 10 the defendants contend that each of said counts fails to allege facts constituting an offense against the United States because, as they say, the Gold Reserve Act of 1934, 48 Stat.L. 337, Title 31 U.S.C.A. §§ 441–443 repealed the criminal penalties provided in Executive Order No. 6260, as amended, promulgated originally pursuant to the Trading with the Enemy Act of 1917, 40 Stat. 411, 415, as amended, Title 12 U.S.C.A. § 95a and substituted therefor only civil penalties. Hence, they argue, a conspiracy to violate said Executive Order or a violation thereof would not constitute a criminal offense.

■ I find no merit in this contention. Executive Order No. 6260, as amended, made provision for the imposition of criminal penalties for wilful violations thereof. The Gold Reserve Act imposed only civil penalties for all violations whether wilful or otherwise of the regulations issued pursuant thereto. This act does not expressly repeal said Order in whole or in part. On the contrary, section 13 thereof, Title 12 U.S.C.A. § 213, expressly ratified all orders issued by the President under the Trading with the Enemy Act, as amended, including necessarily Executive Order No. 6260, as amended. In my judgment the provisions of section 4 of said Act, Title 31

U.S.C.A. § 443, cannot be said to repeal the penalty provisions of said Order and accordingly said Order was in full force and effect at all times mentioned in said Counts 1, 2, 3, 5, 6, 7, 8, 9 and 10. U. S. v. Chabot, 2 Cir., 1951, 193 F.2d 287; Ruffino v. United States, 9 Cir., 1940, 114 F.2d 696; Farber v. United States, 9 Cir., 1940, 114 F.2d 5, certiorari denied 311 U.S. 706, 61 S.Ct. 173, 85 L.Ed. 458.

Counts 1, 2, 3, 5, 6, 7, 8, 9 and 10 do therefore allege facts constituting an offense against the United States.

■ The defendants contend that Counts 4 and 11 are defective because they fail to allege that the defendants made any false, fictitious or fraudulent statements to any officer, employee or agency of the United States. To constitute a violation of Title 18 U.S.C.A. § 1001 it is not necessary that the false, fictitious or fraudulent statement be made to an officer, employee or agency of the United States. It is sufficient that such statement be made in "any matter within the jurisdiction of any department or agency of the United States". United States v. Ganz, D.C.Mass.1942, 48 F.Supp. 323; United States v. Mellon, 2 Cir., 1938, 96 F.2d 462, certiorari denied 304 U.S. 586, 58 S.Ct. 1061, 82 L.Ed. 1547.

Such an allegation is contained in each of these counts and in my opinion this is sufficient.

■ The third ground of the defendants' motions to dismiss is that the indictment is duplicitous. They contend that Count 1 is duplicitous because it purports to charge a conspiracy to commit three separate offenses against the United States. In my opinion this contention is without merit. It is not improper to allege in a single count a conspiracy to commit two or more offenses. The conspiracy is the crime regardless of the diversity of its objects. Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23; Frohwerk v. United States, 249 U.S. 204, 39 S.Ct. 249, 63 L.Ed. 561; United States v. O'Toole, D.C.R.I.1951, 101 F.Supp. 123.

Counts 2, 3, 5, 6, 7, 8, 9 and 10 as to which a similar objection is raised allege separate distinct offenses and are not duplicitous. No further discussion of this objection to these counts seems necessary.

■ Finally, the defendants contend that Title 12 U.S.C.A. § 95a and 31 U.S. C.A. § 440 et seq. are unconstitutional. They cite no authorities to support their contention in this regard. In my judgment these statutes were within the power of Congress to enact. Uebersee Finanz-Korporation Aktien Gesellschaft v. Rosen, 2 Cir., 83 F.2d 225, certiorari denied 298 U.S. 679, 56 S.Ct. 946, 80 L.Ed. 1400; United States v. O'Toole, supra.

It is my conclusion that the indictment is sufficient and that the defendants' contentions are without merit. The defendants' motions to dismiss are denied.